IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERATED MUTUAL INSURANCE
COMPANY, a Minnesota Corporation,

        Plaintiff,

v.                                                                          No. CIV 09-857 JC/RHS

EVER-READY OIL CO., INC., et al.,

        Defendants.

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on consideration of "Defendants, Ever-Ready Oil Company, Inc., Acorn Ventures, Inc. And PRP, Inc.'s Motion for Abstention in Favor of State Court Proceedings and Supporting Memorandum" ("Motion for Abstention"), filed December 14, 2009 **[Doc. No. 16]**. Defendants Ray F. Collins, Cathy Collins, and Alisha Garcia have joined in Defendants' Ever-Ready Oil Co., Inc., Acorn Ventures, Inc., and PRP, Inc.'s Motion for Abstention and filed their separate memorandum (docket no. 53). Having considered the parties' submittals, the relevant authorities and being otherwise advised in the premises, the Court respectfully recommends that Defendants' Motion for Abstention be denied.

*Background*

The facts that underlie the declaratory judgment action result from a tragic event which occurred on November 11, 2006. On that date, Shanna Lovato was working as an employee for Ever-Ready Oil ("ERO") and it is alleged that she sold alcohol to Dana Papst who was intoxicated. Not long after Mr. Papst is alleged to have purchased alcohol from Ms. Lovato, he was involved in a violent two-car accident resulting in the death of Mr. Pabst as well as five

occupants of the other vehicle. The surviving occupant, along with other family members of the deceased occupants, have filed two lawsuits for personal injury and wrongful death alleging that (1) an employee of ERO at its Bernalillo, New Mexico Chevron Redi-Mart store, Shanna Lovato, sold a six-pack of beer to Dana Papst, (2) that Ms. Lovato knew or should have known that Mr. Papst was intoxicated at the time he purchased the beer, (3) that ERO was negligent in hiring, training, supervising, staffing and retaining Ms. Lovato, (4) that ERO is liable for spoliation of evidence: specifically video tape of the alleged sale and cash register tapes from the Bernalillo store, (5) that Acorn and PRP converted ERO's funds, (6) that Acorn and PRP were engaged in a joint venture with ERO, and (7) that Acorn and PRP are alter egos of ERO. (*See* docket no. 16).

This declaratory judgment action arose from a dispute between the parties over insurance coverage. Federated Mutual Insurance Company ("Federated") issued two policies to its named insured, ERO. One policy, entitled Liquor Liability Coverage Part Policy No. 9800272 ("Liquor Liability policy") provides coverage for bodily injury and property damage resulting from certain activities relating to the furnishing or sale of alcoholic beverages. The other policy, which includes the General Liability Coverage Part of Commercial Package Policy No. 9280192 and its Umbrella Policy No. 9800782 (collectively, "General Liability policy"), excludes coverage for liquor liability where the named insured is in the business of distributing, selling, receiving or furnishing alcoholic beverages.

Federated states that ERO "and other parties are defendants in two (2) underlying lawsuits, captioned *Collins, et al. v. Ever-Ready Oil Co., Inc. d/b/a Chevron Redi-Mart, et al.*, No. D-412-CV2006-00627, Fourth Judicial District, County of San Miguel, State of New Mexico, and *Gonzales, et al., v. The Estate of Dana Papst, et al.*, No. D-412-CV-2007-00034,

Fourth Judicial District, County of San Miguel, State of New Mexico . . . . both [of which] . . . seek damages for bodily injury resulting from an alleged illegal sale of alcohol by an employee and/or agent of" ERO or other defendants.  (Complaint at 2 ¶ 2).  Federated is apparently defending ERO, Acorn and PRP (collectively, "ERO entities") under the Liquor Liability policy, but contends that no coverage is available to the ERO entities under the General Liability policy.

In a letter dated August 11, 2009, Federated indicated that it was defending ERO under the Liquor Liability policy and agreed to defend Acorn and PRP under the same policy.  (See Letter to Mr. Wihl from Ms. Hanson, Ex. G, attached to "Plaintiff Federated's Memorandum in Opposition to ERO entities' Motion for Abstention" ("Response"), filed Jan. 11, 2010 **[Doc. No. 30]**).  In the same letter, Federated explicitly "denie[d] coverage for each party under the general liability coverage part of the commercial package policy and the umbrella policy."  (Id.).  In a letter dated August 12, 2009, counsel for ERO requested Federated to "reconsider the denial of coverage" of PRP and Acorn under the General Liability policy.  (Letter to Ms. Hanson from Mr. Wihl, Ex. H, attached to Response).  In his letter, Mr. Wihl emphasized that "[t]ime is of the essence for Federated to reconsider its denial of coverage[,]" pointing out that negotiations with plaintiffs in the underlying lawsuits "will have to begin in earnest with the policy limits available under the Liquor Liability Policy, the Commercial Package Policy and the Umbrella Policy . . . ."  (Id.).  In a letter dated August 17, 2009, Federated reiterated its denial of coverage under the General Liability policy, and emphasized that it "will not provide policy limits beyond the Liquor Liability policy limit of $1 million in settlement of the *Collins* and *Gonzales* lawsuits." (Letter to Mr. Wihl from Ms. Hanson, Ex. I, attached to Response).

Following this impasse regarding the availability of policy limits for settlement purposes, Federated filed a Complaint for Declaratory Judgment ("Complaint") in federal court on September 8, 2009.  (See Complaint **[Doc. No. 1]**).[1]  In its Complaint, Federated seeks a determination regarding its rights and obligations under the Liquor Liability and General Liability insurance policies.  Specifically, Federated requests a declaration from the Court that "there is no coverage under the General Liability Policy for any claims asserted in the *Collins* and *Gonzales* lawsuits against" ERO, Acorn, PRP, Ron Sims and Carl Smith.  (Complaint at 10).

In their Motion for Abstention, Defendants request the Court to "exercise its discretion under the Federal Declaratory Judgment Act to abstain from proceeding with this case and stay further proceedings herein in favor of requiring Federated to pursue its claims in the Fourth Judicial District Court of the State of New Mexico . . . ."  (Motion for Abstention at 2 ¶ 2). Under the circumstances of this case, the Court recommends exercising its discretion to retain jurisdiction of this declaratory judgment action.

*Discussion*

The Declaratory Judgment Act ("DJA") provides that a federal court "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  Accordingly, federal district courts possess "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." See Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).  "[A] court in the exercise of its discretion should declare the parties' rights and obligations when the judgment will (1) clarify or

---

[1] Federal jurisdiction of the declaratory action rests solely on diversity.

settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." Kunkel v. Continental Casualty Co., 866 F.2d 1269, 1275 (10th Cir. 1989) (citing E. Borchard, *Declaratory Judgments* 299 (2d ed. 1941)).  The United States Court of Appeals for the Tenth Circuit has adopted a five-factor test for evaluating whether a district court should exercise its discretionary jurisdiction over a declaratory judgment action.  See St. Paul Fire and Marine Insurance Co. v. Runyon, 53 F.3d 1167, 1169 (10th Cir. 1995).  These factors include:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

Id. (quoting State Farm and Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994)).

  1. Whether the declaratory action would settle the controversy

The Court concludes that this declaratory action would settle the controversy between Federated and the ERO entities regarding the parties' rights and liabilities regarding insurance coverage issues under the Liquor Liability and General Liability policies.  Moreover, it appears at this juncture, that Federated has joined the parties necessary to decide the scope of coverage issues in dispute.  This factor weighs in favor of exercising jurisdiction over the declaratory judgment action.

  2. Whether the declaratory action would serve to clarify the legal relations at issue

The central issue in this case appears to be whether the liquor liability exclusion in the General Liability policy justifies Federated's refusal to provide coverage to Defendants in the underlying lawsuits pursuant to that policy.  Thus, the legal relations, coverage obligations and

duties with respect to Federated and the ERO entities would be resolved through this declaratory action. Moreover, the resolution of this action would serve the additional useful purpose of clarifying the policy limits available to the insureds in connection with settlement negotiations and other proceedings related to the underlying lawsuits. This factor weighs in favor of exercising jurisdiction over the declaratory judgment action.

      3. <u>Whether the declaratory action is being used merely for "procedural fencing"</u>

"A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing." Runyon, 53 F.3d at 1170 (citing Franklin Life Ins. Co. v. Johnson, 157 F.2d 653, 656 (10th Cir. 1946)). In filing this suit, it does not appear that Federated has engaged in improper forum shopping. Federated filed this action shortly after the ERO entities disputed the denial of coverage under the General Liability policy and requested that Federated make the limits of that policy available for settlement negotiations in the underlying lawsuits. Nothing indicates that the ERO entities threatened to take legal action against Federated prior to the filing of this declaratory action; nor have the ERO entities filed any action, including a declaratory action, against Federated. This factor weighs in favor of exercising jurisdiction over the declaratory judgment action.

      4. <u>Whether the declaratory action will increase friction between federal and state courts</u> and

      5. <u>Whether an alternative remedy is better or more effective</u>

Courts are concerned about potential friction between state and federal courts. However, a federal court is not necessarily precluded from exercising jurisdiction under the DJA to decide "a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues." Kunkel, 866 F.2d at 1276. Despite the ERO

entities' assertion to the contrary, it is not clear that this Court would have to resolve fact issues that are in dispute in the underlying lawsuits in order to determine the coverage issue in this action.[2]  Nor does it appear that the continuation of this action would unduly interfere with the underlying state lawsuits.

The Court notes that Federated is not a party to either of the underlying state wrongful death lawsuits, there is a significant interest in resolving the coverage issue presented in this action, and the federal district court is an available forum.  These two factors do not weigh against exercising jurisdiction over this declaratory judgment action.  If the state court should indicate a preference that the issues raised in this action be determined in state court, the abstention issue may be revisited at that time.

*Conclusion and Recommendation*

On balance, the Court finds that the Mhoon factors favor exercising jurisdiction over this declaratory judgment action, and the Court does not find that it would be uneconomical or vexatious to proceed in this action.  Accordingly, for all the reasons set forth above, the Court respectfully recommends that Defendants' Motion for Abstention **[Doc. No. 16]** be denied.  Timely written objections to this report and recommendation may be filed pursuant to 28 U.S.C. § 636(b)(1)(C).

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court may revisit this matter if the declaratory action presents such issues.