IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FEDERATED MUTUAL INSURANCE**
**COMPANY, a Minnesota corporation,**

      Plaintiff,

v.                                                                    Case No. 09-CV-857 JC/RHS

**EVER-READY OIL CO., INC., SHANNA**
**LOVATO, CARL SMITH, RON SIMS,**
**CHARLES OCHS, ACORN VENTURES, INC.,**
**PRP, INC., GIANT FOUR CORNERS, INC.,**
**RAY F. COLLINS and CATHY COLLINS,**
individually, as guardians of ARISSA GARCIA,
a minor, and a co-personal representatives of
the wrongful death estates of RENEE COLLINS-
GONZALES, deceased, ALISHA GARCIA,
deceased, JACQUELYNN GONZALES, deceased,
and SELENA GONZALES, MAXINE GONZALES,
and RALPH GONZALES, individually, as co-personal
representatives of the Estate of PAUL GONZALES
and ASHLEY RENEE GONZALES,

      **Defendants.**

## ORDER

THIS MATTER comes before the Court on Magistrate Judge Robert Hayes Scott's Report and Recommendation (Doc. 55), filed March 3, 2010.  Having considered the parties' submissions, the relevant authorities, and being otherwise advised in the premises, the Court will adopt the findings of the Magistrate Judge's Report and Recommendation and deny Defendants Ever-Ready Oil Company, Inc., Acorn Ventures, Inc. and PRP, Inc.'s Motion for Abstention in Favor of State Court Proceedings (Doc. 16), filed December 14, 2009.

**I.     BACKGROUND**

Plaintiff Federated Mutual Insurance Company ("Federated") is the insurer of Defendant Ever-Ready Oil Company, Inc. ("ERO"), providing both General Liability (Policy No. 9280192)

and Umbrella (Policy No. 9800782) coverage as well as Liquor Liability coverage (Policy No. 9800272).  *Complt.* (Doc. 1), filed September 8, 2009, at ¶ 1.  ERO is a defendant in two lawsuits brought in New Mexico State District Court seeking damages for bodily injury and death allegedly resulting from the illegal sale of alcohol by an ERO employee.  *Id.* at ¶ 2.  These lawsuits were brought in 2006 and 2007.  *Id.*  Federated is not a party to either of the state lawsuits.  Although it has provided a defense and coverage to ERO under the Liquor Liability policy, Federated denied coverage under the General Liability policy pursuant to a liquor liability exclusion.  *Id.* at ¶ 3.  In this lawsuit, Federated seeks a declaratory judgment that its General Liability policy does not provide coverage for the claims made in the two state-court lawsuits.  *Id.*

Plaintiffs in the underlying litigation recently amended their Complaints to add Defendants Acorn Ventures, Inc. and PRP, Inc. as defendants, alleging that Defendant Acorn Ventures, Inc. is the 100% owner of both ERO and PRP.  *Motion* at Ex. A, p.4.  Perhaps because Plaintiffs' attorneys recognized potential limits of ERO's insurance coverage, Plaintiffs in the underlying litigation allege that neither Acorn Ventures nor PRP are "in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages," which is a condition precedent for application of the liquor liability exclusion in the General Liability policy.  *See Motion* at 4 (noting the language of the liquor liability exclusion and the allegations against Acorn Ventures and PRP).

Defendants ERO, Acorn Ventures, and PRP ask the Court in the instant Motion to abstain and stay this lawsuit in favor of the state court proceedings.  *Motion* at 1.  They argue it would be inappropriate for this Court to exercise jurisdiction under the Federal Declaratory Judgment Act.  *Motion* at 5 (citing the five-factor test adopted by the Tenth Circuit in *State Farm Fire &*

2

*Casualty Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994)).  Federated disagrees.  *Resp.* at 7 (arguing that each of the *Mhoon* factors "favors exercising jurisdiction over Federated's claims").

## II.    LEGAL STANDARD

The federal Declaratory Judgment Act provides that the Court "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The United States Supreme Court has confirmed that federal district courts are "under no compulsion to exercise ... jurisdiction." *Brillhart v. Excess Ins. Co. Of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). *Accord Mhoon*, 31 F.3d at 982 (holding that "the Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so'") (quoting *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581, 7 L.Ed.2d 604 (1962)).  District courts have "unique and substantial discretion in deciding whether to declare the rights of litigants."  *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)).

Where another proceeding is pending in state court that would fully adjudicate the controversy between the parties, a federal district court should not assume jurisdiction.  *Brillhart* at 495 (holding that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided").  In determining whether to exercise jurisdiction, the Court will consider:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; (4) whether use of a declaratory

> action would increase friction between our federal and state courts
> and improperly encroach upon state jurisdiction; and (5) whether
> there is an alternative remedy which is better or more effective.

*Mhoon*, 31 F.3d at 983 (quoting *Allstate Ins. Co. v. Green*, 825 F.3d 1061, 1063 (6th Cir. 1987)).

One additional factor the Tenth Circuit has found relevant is whether the parties to the declaratory judgment action are also parties to the underlying state action. *Id.* at 984. Where this is not the case, the federal forum may "provid[e] a simpler and more efficient resolution of [the insurer's] obligations toward [the insured.]" *Id.* (noting both parties in that case conceded that a declaratory judgment action "would have been required at some point in some case other than the state tort action"). The Tenth Circuit has also noted that "there is a substantial interest in deciding [insurance coverage] issues without undue delay, particularly the question of the duty to defend." *Id.*

### III. DISCUSSION

#### A. This Action Will Clarify Relations Between Federated and its Insureds.

The Tenth Circuit has long recognized the value in deciding coverage actions like this one. In *Kunkel v. Continental Casualty Co.*, for example, the New Mexico Federal District Court accepted jurisdiction to decide insurance coverage for an accountant accused in separate actions of federal securities violations. 866 F.2d 1269, 1271 (10th Cir. 1989). The Tenth Circuit affirmed the district court's acceptance of jurisdiction, noting "[t]hat the district court's construction of Kunkel's policy limits clarifies the parties' legal relations and affords relief from the uncertainty surrounding Continental's obligations is beyond doubt." *Id.* at 1276.

Neither of the objecting parties has identified any way in which a declaratory judgment in this matter would fail to clarify relations between Federated and its Insureds. The Court agrees with Magistrate Judge Smith's finding that this factor weighs in favor of accepting

jurisdiction.

      **B.**      **The Court Finds No Evidence of "Procedural Fencing" on Federated's Part.**

In *St. Paul Fire and Marine Ins. Co. v. Runyon*, the Tenth Circuit affirmed the district court's decision to decline jurisdiction over a declaratory judgment action similar to this instant case, in large part because of procedural fencing. 53 F.3d 1167, 1170 (10th Cir. 1995). After three years of haggling with his insurance company, the insured in *Runyon* advised his insurer that he would sue for breach of contract and bad faith if it failed to assume its duty to defend by a certain date. *Id.* at 1168. The insurer filed a declaratory judgment action in federal court the day before the insured's deadline. *Id.*

The present case involves no facts similar to those in *Runyon*. There has been no evidence that the ERO Defendants threatened to file an action for coverage and Federated beat them to the punch. While it is true that Federated filed this action before Acorn Ventures and PRP were formally named as defendants in the underlying lawsuits, this fact provides no indication of procedural fencing. The ERO Defendants received notice of the plaintiffs' intentions to add Acorn Ventures, PRP, and Charles Ochs as parties prior to October 9, 2009, when the Fourth Amended Complaints were ultimately filed. *Defs.' Motion for Abstention in Favor of State Court Proceedings and Supporting Memo.* (Doc. 16) at Exs. D (identifying Ochs, PRP, and Acorn Ventures as additional defendants) & E (date-stamped as filed on June 30, 2009). Indeed, the ERO Defendants' attorneys provided copies of the proposed Fourth Amended Complaints to Federated on July 7, 2009, specifically requesting coverage not just for Acorn Ventures and PRP but also for Mr. Ochs. *Federated's Memo. In Opp. To Defs.' Motion for Abstention in Favor of State Court Proceedings* (Doc. 30) at Ex. E. Federated agreed to provide a defense for these entities under the Liquor Liability policy but declined coverage under

the General Liability and Umbrella policies on August 11, 2009.  *Id.* at Ex. G.  The next day, attorneys for the ERO Defendants provided Federated with a letter disputing its coverage position and providing an Offer of Settlement from the Plaintiffs in the underlying lawsuits for within the limits of the General Liability and Umbrella policies.  *Id.* at Ex. H.  Federated filed the instant action a little less than month later, on September 8, 2009.  *Complt.* (Doc. 1).  Since Mr. Ochs was not ultimately sued in the underlying lawsuits, Federated stipulated to his dismissal from the instant case on January 8, 2010.  *Stipulation of Dismissal* (Doc. 28).

       The Court finds Federated's actions were reasonable and appropriate and overrules the objections on grounds of procedural fencing.

       **C.**      **The Instant Action Will Neither Increase Friction With State Courts Nor Improperly Encroach Upon State Jurisdiction.**

       Plaintiffs and the ERO Defendants contend that this Court's acceptance of jurisdiction will cause friction with the state court because the instant action requires certain factual determinations which are also before the state court.  In their original Motion, the ERO Defendants noted that the following factual determinations were necessary to a coverage decision: (1) whether Acorn and PRP are in the alcohol business, (2) whether they are alter egos of ERO, (3) whether they are in a joint venture with ERO, (4) whether they converted ERO's funds, (5) whether they played a role in alleged negligent hiring, training, supervision, and retention of ERO employees, and (6) whether they participated in alleged spoliation of evidence.  *Motion* at 10.  Both the plaintiffs in the underlying action and the ERO Defendants contend these matters are at issue in state court.

       Certainly, the question whether Acorn and PRP are in the alcohol business is before this Court, since the liquor liability exclusion at issue in the General Liability and Umbrella policies

applies only to insureds who are in such a business.  But it does not appear that this question is really at issue before the state court.  Plaintiffs allege that neither Acorn nor PRP are in the alcohol business, and Acorn and PRP admit these allegations.  Because Federated is not a party in the state court action, there is no one to contest the matter.  As such, this Court provides the only forum for truly determining the factual issue whether Acorn and PRP are in the alcohol business.

At this early stage of the litigation, the Court does not believe factual determinations as to alter-ego, joint venture, or possible conversion of funds are necessary in order to enter a declaratory judgment on insurance coverage.  Nor is it necessary for the Court to make factual determinations regarding Acorn or PRP's role in employee management or the alleged spoliation of evidence.  The questions before the Court are simply whether, given the as yet unproven allegations against PRP and Acorn, coverage exists.  This factor weighs in favor of accepting jurisdiction.

> D. **The Court's Acceptance of Jurisdiction and Decision as to Coverage Will Settle the Controversy Between Federated and its Insureds.**

Despite Magistrate Judge Scott's finding to the contrary, the ERO Defendants maintain that this declaratory judgment action would fail to settle the controversy over insurance coverage under the Commercial General and Umbrella policies.  They note that Federated's denial of coverage is based on the Liquor Liability Exclusion and argue that "not all of the allegations in the Underlying Lawsuits are for liquor liability."  *Defendants, Ever-Ready Oil Company, Inc., Carl Smith, Ron Sims, Acorn Ventures, Inc., and PRP, Inc.'s Objections to Magistrate Judge's Report and Recommendation* (Doc. 56), filed March 12, 2010 ("ERO Defendants' Objections"), at 2-3.  Some of the plaintiffs in the underlying actions ("Plaintiffs"), who filed their own

objections to the *Magistrate Judge's Report and Recommendation*, affirm that their claims in the underlying lawsuits are not solely dramshop claims but also claims for negligent hiring, training, supervision, and retention and for spoliation of evidence.  *Defendants Ray F. Collins, Cathy Collins, and Arissa Garcia's Objections to Magistrate Judge's Report and Recommendation* (Doc. 57), filed March 22, 2010 ("Plaintiffs' Objections"), at 5.

The Court disagrees with Plaintiffs and the ERO Defendants and will overrule their objections in this regard.  To begin with, a decision as to whether the Liquor Liability Exclusion applies in this case will settle the controversy over coverage at least as to the dramshop claims, which appear to be the primary claims.  Moreover, the objecting parties offer no argument as to why this Court could not also entertain coverage arguments as to the negligence and spoliation claims against Acorn Ventures and PRP.  By all appearances at this point, the Court is capable of determining whether coverage exists for such claims without making factual determinations concerning the merits of Plaintiffs' claims.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 55) is **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that the ERO Defendants' Motion for Abstention in Favor of State Court Proceedings is **DENIED**.

**IT IS FURTHER ORDERED** that the ERO Defendants' Objections to Magistrate Judge's Report and Recommendation (Doc. 56) and the Underlying Plaintiffs' Objections to Magistrate Judge's Report and Recommendation (Doc. 57) are **OVERRULED**.

**IT IS SO ORDERED.**

_____
**JOHN EDWARDS CONWAY**
**Senior United States District Judge**