IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FEDERATED MUTUAL INSURANCE
COMPANY**, a Minnesota corporation,

       Plaintiff,

v.                                                    Case No. 09-CV-857 JC/RHS

**EVER-READY OIL CO., INC., SHANNA
LOVATO, CARL SMITH, RON SIMS,
CHARLES OCHS, ACORN VENTURES, INC.,
PRP, INC., GIANT FOUR CORNERS, INC.,
RAY F. COLLINS and CATHY COLLINS**,
individually, as guardians of ARISSA GARCIA,
a minor, and a co-personal representatives of
the wrongful death estates of RENEE COLLINS-
GONZALES, deceased, ALISHA GARCIA,
deceased, JACQUELYNN GONZALES, deceased,
and SELENA GONZALES, MAXINE GONZALES,
and RALPH GONZALES, individually, as co-personal
representatives of the Estate of PAUL GONZALES
and ASHLEY RENEE GONZALES,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Third-Party Defendants' Motion to Dismiss or, in the Alternative, Motion to Strike Third-Party Complaint* (Doc. 63), filed April 8, 2010 ("Motion"). Having reviewed the parties' submissions and being otherwise fully informed, the Court will DENY the Motion.

**I.    BACKGROUND**

Plaintiff Federated Mutual Insurance Company ("Federated") is the insurer of Defendant Ever-Ready Oil Company, Inc. ("ERO"), providing both General Liability (Policy No. 9280192) and Umbrella (Policy No. 9800782) coverage as well as Liquor Liability coverage (Policy No. 9800272). *Complt.* (Doc. 1), filed September 8, 2009, at ¶ 1. ERO is a defendant in two

lawsuits brought in New Mexico State District Court seeking damages for bodily injury and death allegedly resulting from the illegal sale of alcohol by an ERO employee. *Id.* at ¶ 2. These lawsuits were brought in 2006 and 2007. *Id.* Federated is not a party to either of the state lawsuits. Although it provided a defense and coverage to ERO under the Liquor Liability policy, Federated denied coverage under the General Liability policy pursuant to a liquor liability exclusion. *Id.* at ¶ 3. In this lawsuit, Federated seeks a declaratory judgment that its General Liability policy does not provide coverage for the claims made in the two state-court lawsuits. *Id.*

Defendant Giant Four Corners, Inc. ("Giant") filed its Answer to Federated's Complaint as well as a Third-Party Complaint, naming Western States Insurance Group, Inc. d/b/a Desert States and Maggie Anderson (collectively referred to as "Western States") as third-party defendants, alleging against them claims of breach of contract, violation of the New Mexico Unfair Practices Act, and violation of the New Mexico Insurance Code. *See generally Answer, Counterclaim, Cross-claims, and Third-Party Complaint of Giant Four Corners, Inc.* (Doc. 47), filed February 5, 2010 ("Third-Party Complaint"). Factually, Giant contends that ERO induced Giant to lease its liquor license to Ever-Ready Oil, Inc. ("ERO") by specifically promising to (1) secure suitable liability insurance and (2) provide a defense and indemnity to Giant in the event that claims were made against Giant arising from ERO's sale of liquor under Giant's license. *Id.* at ¶ 48. The Lease Agreement between ERO and Giant provides as follows:

> 14.   INSURANCE:
>
> Lessee, for and in consideration of this Lease Agreement, hereby agrees and covenants with Lessor to carry and maintain in full force and effect during the term of this Lease Agreement or any renewal thereof at Lessee's expense public liability insurance, covering bodily injury and dram-shop liability, in a form and with

> an insurance company acceptable to Lessor, with limits of coverage not less than $1,000,000 for the benefit of both Lessor and Lessee as protection against all liability claims arising from Lessee's use of the License, causing Lessor to be named as an additional-named insured on such policy of insurance and to deliver a copy thereof to Lessor.
>
> 15. INDEMNITY:
>
> Lessee will indemnify and defend Lessor, its agents, employees, successors and assigns, against all loss, liability, or expense arising out of or relating to (i) the use, or operation, of the License during the Term regardless of where, how, or by whom operated; (ii) the cancellation or suspension of the license caused by Lessee's act or omission; or (iii) any citations, fines, or penalties levied on or assessed against the License caused by the Lessee's act or omission in its use or operation relating to the License; or (iv) any other default of Lessee under this Lease Agreement.
>
> Lessee will provide Lessor with prompt notice of any proceedings relating to the foregoing indemnity and with copies of all documents and settlements thereof with its own attorney. This indemnity and obligation arising out of or relating to events occurring during the Term will survive after the end of the Term.

*Third-Party Complt.* (Doc. 47) at Ex. 3.

To meet its responsibilities under the Lease Agreement, ERO had its insurance broker, Western States, obtain and issue a proof of insurance form to Giant, stating that Giant was named as an additional insured on a General Liability policy with a $1,000,000 limits per occurrence. *Id.* at ¶ 49 & Ex. 2B. In the event that Federated prevails and there is a declaration that no coverage exists under the General Liability policy, it is Giant's contention that Western States failed to obtain appropriate insurance as requested by ERO pursuant to the Lease Agreement. As damages, Giant seeks the amounts paid in settlement of the state court lawsuits as well as its attorney fees and expenses and punitive damages. *Id.* at ¶¶ 63-64. In the event that Federated does not prevail in this action, and coverage is declared to exist under the General

Liability policy, then Giant's third-party claims against Western States are moot.

In the instant Motion, Western States claims that it cannot be impleaded pursuant to Fed.Civ.P. 14(a) because it is not "a nonparty who is or may be liable to" Defendant Giant. *See generally Motion.* According to Western States, "this Court must conclude that [Western States] could be liable to Giant under [Federated's] declaratory judgement action" before Western States may be properly impleaded. *Memo.* (Doc. 64) at 4. Giant contends that Rule 14(a) should not be construed so strictly and cites case law from other circuits holding that impleader of an insurance agent is appropriate in a declaratory judgment action. *Resp.* (Doc. 73) at 4-7 (citing *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566 (S.D.N.Y. 1983); *Hartford Cas. Ins. Co. v. Moore*, 2010 WL 323502 (C.D.Ill., and *American Fidelity & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89 (5th Cir. 1956)).

## II.     LEGAL STANDARD

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice in the federal courts. It provides, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed.R.Civ.P. 14(a)(1). "The fact that the third-party claim arises against the same general background as the main claim is not enough to allow application of Rule 14 to independent claims." *United States Fid. & Guar. Co. v. Am. State Bank*, 372 F.2d 449, 450 (10th Cir. 1967). "A third-party defendant must be 'liable over' to the defendant only in the sense that the third-party claim is derivative of, and dependent upon, the success of the plaintiff's claim." *Clark v. Assocs. Commercial Corp.*, 149 F.R.D. 629, 634. However, "'[t]he third-party claim need not be based on the same theory as the main claim,' and 'impleader is proper even though the third-party defendant's liability is not automatically established once the third-party plaintiff's

4

liability to the original plaintiff has been determined.'" *Id.* (quoting 4 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1446, at 372 & 373 (2d ed. 1990)).

The Rule is designed to reduce the multiplicity of litigation and should therefore be construed liberally. *United States v. Yellow Cab Co.*, 340 U.S. 543, 556, 71 S.Ct. 399, 407, 95 L.Ed.2d 523 (1951). The decision whether to allow a third-party complaint rests in the trial court's sound discretion. *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954).

## III.   DISCUSSION

Given the nature of this declaratory judgment action, Plaintiff Federated does not seek damages from any of the defendants. Third-Party Plaintiff Giant is not, therefore, seeking pass-through damages from Third-Party Defendant Western States. Nonetheless, Giant's third-party claim is based—dependent even—upon Federated's declaratory judgment claim. As such, and in light of the liberal construction accorded to Rule 14, the Court finds that Giant's third-party complaint is appropriate.

The Tenth Circuit has not ruled on the application of Rule 14 in this particular situation, where an insured named as a defendant in a declaratory judgment action impleads its insurance agent to allege, in the event that no coverage is found to exist, claims of failure to properly procure insurance. Despite the lack of any Tenth Circuit case on all fours with the present case, the Court finds that existing Tenth Circuit case law on Rule 14 counsels in favor of denying the instant Motion.

Third-Party Defendant Western States cites *United States Fid. & Guar. Co. v. Am. State Bank*, an action brought by the United States on behalf of a subcontractor seeking payment from a general contractor on a federal construction project and the general contractor's surety. 372 F.2d at 449. The surety defendant brought a third-party action for conspiracy to misrepresent the

5

general contractor's financial worth. *Id.* The Tenth Circuit affirmed the lower court's dismissal of the third-party claim under Rule 14, finding that "the appellant surety's claim against appellees was founded on the performance bond and was totally unrelated to the payment bond on which the use plaintiff brought the original action." *Id.* As such, *United States Fid. & Guar. Co.* is not analogous to the present case, where both the original action and the third-party claim hinge on the nature and extent of coverage under the General Liability policy issued by Federated and requested by Third-Party Defendant Western States on behalf of ERO/Giant.

*Hefley v. Textron, Inc.* is similarly distinguishable from the present case. That case arose from a helicopter crash involving a helicopter manufactured by Defendant Textron, Inc. 713 F.2d 1487, 1489 (10th Cir. 1983). Textron filed a third-party complaint against a number of other parties seeking indemnity, contribution, discovery, and assessment of proportionate fault. *Id.* The Tenth Circuit rejected the third-party complaint in *Hefley*, noting that Textron's third-party claims did not assert that third-party defendants may be liable to it if the plaintiffs were successful. *Id.* at 1498 (holding that, under Kansas law, "no other person can be liable to Textron, and Textron will be liable only for its share of proportionate fault"). Because the third-party defendants in *Hefley* would have been liable to the plaintiffs rather than the third-party plaintiffs, *Hefley* is not similar to the present case, where Third-Party Defendant Giant contends that Western States is liable to it in the event that Plaintiff Federated is successful in its claim that no coverage exists.

In *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, the third-party claim at issue was permitted despite that case's holding that "Rule 14's provision for impleading parties is narrow." 893 F.2d 1155, 1158, n.1 (10th Cir. 1990). The main claim in *King Fisher* was brought by a construction company against a development company that had hired it to perform site fill work.

*Id.* at 1157. The claim was for failure to pay. *Id.* In the event that damages were found owing, the defendant development company sought damages in a third-party action against the project manager it had hired to oversee the project. *Id.* The Tenth Circuit held that the third-party complaint in *King Fisher* met Rule 14's narrow provisions. *Id.* at 1158, n.1 (noting that the third-party complaint "sought indemnification for any liability for damages found in favor of King Fisher against Hanson"). Like the third-party complaint in *King Fisher*, the third-party complaint in this case seeks indemnification. In this case, the claim is not for indemnification of damages because no damages are requested by Federated. The claim in this case is for any lack of coverage found in the original action.

At least one district court within the Tenth Circuit has allowed a third-party complaint in circumstances virtually identical to the present case. In *United of Omaha Life Ins. Co. v. Reed*, the plaintiff insurer sought a declaratory judgment of no coverage under its health insurance policy. 649 F.Supp. 837, 838 (D.Kan. 1986). The insured filed a third-party claim against its agent alleging failure to properly procure insurance. *Id.* Noting that "[a] third party claim may be asserted under [Rule 14] only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant," the Kansas district court held as follows:

> Reed's third party complaint seeks to hold Owens responsible for any liability that Reed will incur if the court declares Reed's decedent had no coverage under the United policy. Any decision about whether the decedent was covered by United's policy will certainly require evidence concerning the representations made by Owens about the policy. Furthermore, Owens has failed to show how prosecution of the third party complaint would cause him to suffer prejudice or unduly complicate this action. Given the clear policy behind Rule 14 to promote judicial economy by avoiding circuitous and multiple suits, we hold that the third party complaint, seeking actual damages that Reed's decedent incurred

7

by not being covered by United's policy, is proper.

*Id.* at 841-42.  Although the Tenth Circuit did not consider the opinion of the Kansas court in *Reed*, it cited the case favorably in *King Fisher*.  893 F.2d at 1170 (characterizing the insured's third-party claim against his insurance agent as "the insured's third-party pass-through claim").

Like the Kansas district court in *Reed*, this Court finds the reasoning of *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566 (S.D.N.Y. 1983), persuasive.  That case involved an excess insurer, Old Republic, which sued its insured, Concast, for a declaratory judgment stating that it was not obligated to provide excess coverage to Concast's additional named insured, SHI.  *Id.* at 568.  Concast then filed a third-party complaint against Fred S. James & Co. of New York ("James"), claiming that it had instructed James to obtain coverage for SHI from Old Republic and that James had represented that the coverage existed.  *Id.*  Noting that an unduly narrow interpretation of Rule 14 would render Rule 14 inapplicable to declaratory judgment actions, *id.*, the *Old Republic* court focused on the purpose of the Rule, which is "to facilitate judicial economy by avoiding multiple and circuitous suits," *id.*  The court found that "the questions in both the main proceeding and the third-party complaint here turn on substantially the same facts."  *Id.* at 569.  In both cases, "what James did or did not do [wa]s crucial."  *Id.*

The same is true in the present case, where Western States was tasked with obtaining coverage for ERO (and Giant, as an additional named insured) as required under ERO's Lease Agreement with Giant.  Even if Western States is not included as a party in this lawsuit, its information regarding representations made to or on behalf of Federated regarding the nature and extent of coverage requested and obtained are crucial to Federated's underlying declaratory judgment action.  Moreover, the Court finds, consistent with the Tenth Circuit's characterization of the *Reed* case in *King Fisher*, that Giant's third-party claims are pass-through claims, in the

sense that Western States "is or may be liable for all or part of" the claims on the policy in the event that Federated is found not liable under its General Liability policy.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the *Third-Party Defendants' Motion to Dismiss or, in the Alternative, Motion to Strike Third-Party Complaint* (Doc. 63), filed April 8, 2010, is not well-taken and is therefore DENIED.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
Thomas M. Hnasko, Esq.
Santa Fe, NM
Laura J. Hanson, Esq.
Minneapolis, MN

Counsel for ERO Defendants:
Jeffrey A. Dahl, Esq.
Kurt Wihl, Esq.
Albuquerque, NM

Counsel for Giant Defendants:
Jeff Ray, Esq.
El Paso, TX
Robert E. Valdez, Esq.
Lynn Rada, Esq.
San Antonio, TX

Counsel for Gonzales Defendants:
David P. Garcia, Esq.
Ray M. Vargas, II, Esq.
Santa Fe, NM

Counsel for Defendant Alisha Garcia:
B.J. Crow, Esq.
Albuquerque, NM

Counsel for Third Party Western States:
Mark D. Trujillo, Esq.
Megan Day Hill, Esq.
William P. Gralow, Esq.
Albuquerque, NM