IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FEDERATED MUTUAL INSURANCE
COMPANY, a Minnesota corporation,

      Plaintiff,

v.                                                Case No. 09-CV-857 JC/RHS

EVER-READY OIL CO., INC., SHANNA
LOVATO, CARL SMITH, RON SIMS,
CHARLES OCHS, ACORN VENTURES, INC.,
PRP, INC., GIANT FOUR CORNERS, INC.,
RAY F. COLLINS and CATHY COLLINS,
individually, as guardians of ARISSA GARCIA,
a minor, and a co-personal representatives of
the wrongful death estates of RENEE COLLINS-
GONZALES, deceased, ALISHA GARCIA,
deceased, JACQUELYNN GONZALES, deceased,
and SELENA GONZALES, MAXINE GONZALES,
and RALPH GONZALES, individually, as co-personal
representatives of the Estate of PAUL GONZALES
and ASHLEY RENEE GONZALES,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendants', Maxine E. Gonzales, Ralph Gonzales and Ashley Renee Gonzales, Motion for Partial Summary Judgment on Insurance Coverage* (Doc. 77), filed July 2, 2010 ("Motion"). Having reviewed the parties' submissions and the applicable law, the Court finds the Motion is not well-taken and will therefore be DENIED.

I.      BACKGROUND

This litigation arises from a drunk-driving crash on Interstate 25 north of Santa Fe, New Mexico in which Paul Gonzales, his wife, Renee Collins-Gonzales, and three minor children were killed. One of the four minor children involved in the crash survived. The Collins and

Gonzales families brought two lawsuits in New Mexico state court against the drunk driver and others, including Ever-Ready Oil Co. ("ERO") and Giant Four Corners, Inc. ("Giant"). Federated Mutual Insurance Company ("Federated") is the insurer of ERO and was not a party in either of the state-court lawsuits. It brings the instant action seeking the Court's declaration that it is not required to provide insurance coverage for ERO or any other entity pursuant to the general liability policy issued to ERO. The basis for its claim that coverage does not exist under the general liability policy is a liquor liability exclusion, which provides as follows:

> c.  **Liquor Liability**
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> (1)  Causing or contributing to the intoxication of any person;
>
> (2)  The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> (3)  Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

While ERO is arguably "in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages," the Gonzales Defendants, who are plaintiffs in one of the two state-court actions (hereinafter "the Gonzales Family"), contend that the exclusion does not apply to ERO's related companies, who are also defendants in the state-court action, Acorn Ventures, Inc. ("Acorn") and PRP, Inc. ("PRP"). The Gonzales Family claims that since neither Acorn nor PRP are in the alcohol business, the liquor liability exclusion does not apply to state-court claims against these entities. As evidence, the Gonzales Family points to admissions by Acorn and PRP in their respective Answers to the Gonzales Family's Fourth Amended

Complaint.

## II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In response to a motion for summary judgment, a party must support its assertions of genuine factual dispute by citing to the record or showing that the materials cited by the movant do not establish a genuine dispute.  Fed.R.Civ.P. 56(c).  The party opposing summary judgment must present specific, admissible facts from which a rational trier of fact could find in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  However, the Court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion.  *Adler* at 670 (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 265).

## III.  DISCUSSION

In the instant Motion, the Gonzales Family seeks partial summary judgment, or this Court's finding that insurance coverage exists for Acorn and PRP under the General Liability policy issued by Federated.  The requested finding can be made pursuant to the following logical syllogism, according to the Gonzales Family.  First, the Gonzales Family notes that the Liquor Liability exclusion at issue in this coverage dispute applies "only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages."  Second, the

3

Gonzaleses contend it is undisputed that Acorn and PRP are *not* in the alcohol business. Not only do both Acorn and PRP admit this in their Answers, but the President of ERO, Acorn, and PRP "has stated under oath that neither Acorn nor PRP were engaged in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages." *Motion* at 5. Third, and based on these premises, the Gonzales Family claims it is a necessary conclusion that the Liquor Liability exclusion does not apply and that coverage is therefore available to Acorn and PRP pursuant to the General Liability policy issued by Federated.

      **A.**      **Conclusory and Self-Serving Admissions Are Not Sufficient to Support Summary Judgment.**

Neither the admissions by Acorn and PRP nor their company president's affidavit stating that neither company is "in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages" are sufficient evidence upon which to base summary judgment. *Skrzypczak v. Roman Catholic Diocese*, 611 F.3d 1238, 1244 (10th Cir. 2010) (holding that "conclusory and self-serving affidavits are not sufficient" to support summary judgment). Acorn, PRP, and their corporate president Charles L. Ochs have an interest in obtaining maximum insurance coverage from Federated to cover defense costs and any judgments obtained against them in the state-court proceedings. Their statements indicating that neither Acorn nor PRP are in the alcohol business serve them well given the liquor liability exclusion, which applies only to insureds who are in the alcohol business. The Gonzales Family's solicitation of these admissions is also self-serving given that they may be unable to collect any judgment obtained against Acorn or PRP if the insurance exclusion applies.

The Court requires evidence apart from the self-serving admissions offered by the Gonzales Family in order to enter summary judgment in this case. Such evidence is necessary in

light of the Gonzales Family's allegations of alter ego and joint venture, as well as Mr. Ochs' factual admission that PRP owns a New Mexico liquor license. These additional facts suggest there may be a fact dispute that would preclude summary judgment or, alternatively, that Acorn and PRP may well be in the alcohol business in spite of their self-serving admissions to the contrary.

In the present case, neither party has offered admissible and non-self-serving evidence in the form of undisputed material facts that would support summary judgment. For this reason, the Motion must be denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES *Defendants', Maxine E. Gonzales, Ralph Gonzales and Ashley Renee Gonzales, Motion for Partial Summary Judgment on Insurance Coverage* (Doc. 77), filed July 2, 2010.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
Thomas M. Hnasko, Esq.
Santa Fe, NM
Laura J. Hanson, Esq.
Minneapolis, MN

Counsel for ERO Defendants:
Jeffrey A. Dahl, Esq.
Kurt Wihl, Esq.
Albuquerque, NM

Counsel for Giant Defendants:
Jeff Ray, Esq.
El Paso, TX
Robert E. Valdez, Esq.
Lynn Rada, Esq.
San Antonio, TX

Counsel for Gonzales Defendants:
David P. Garcia, Esq.
Ray M. Vargas, II, Esq.
Santa Fe, NM

Counsel for Third Party Western States:
Mark D. Trujillo, Esq.
Megan Day Hill, Esq.
William P. Gralow, Esq.
Albuquerque, NM

**B.     Judicial Estoppel May Preclude the Gonzales Family From Taking the Position That Neither Acorn Nor PRP Are "In the Business of Manufacturing, Distributing, Selling, Serving or Furnishing Alcoholic Beverages."**

Federated argues that "[t]he Gonzaleses cannot be allowed [to] take one position in order [to] prove liability and the opposite to obtain insurance coverage." *Resp.* at 17. In attempting to prove liability on the part of Acorn and/or PRP, the Gonzales Family argues that Acorn and PRP should be held liable for the wrongful death of their son because they were essentially standing in the shoes of ERO, or the Chevron Redi-Mart it operated, whose employee allegedly irresponsibly sold alcohol to a drunk driver. *See id.* at Ex. A ¶¶ 28-39 (alleging that Acorn and PRP treated ERO, or the Chevron Redi-Mart it operated, as their alter ego and/or that all three entities were involved in a joint venture together). Federated contends that "Acorn and PRP cannot be the alter egos or joint venture partners of Ever-Ready Oil and therefore liable for the alleged illegal sale without also being in the business of selling alcohol." *Resp.* at 3.

Federated's position suggests that the doctrine of judicial estoppel may apply.
Judicial estoppel is an equitable doctrine designed "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (citations omitted). There are no "inflexible prerequisites" to the doctrine nor "an exhaustive formula for determining the applicability of judicial estoppel." *Id.* at 750. Nonetheless, courts generally consider applying judicial estoppel based on three factors: (1) a party's later position is clearly inconsistent with its earlier position; (2) the party's success in persuading the court to adopt the earlier position such that judicial acceptance of an inconsistent position in a later proceeding would create the perception that the first or the second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.* at 750-51.

The Court has no trouble concluding that the first of these suggested elements is applicable in the present case. In the state-court matter, the Gonzales Family alleges liability against Acorn and PRP not for their own acts or omissions but for the acts and omissions of ERO. Acorn and PRP should be held liable for ERO's alleged wrongs, the Gonzales Family claims, because Acorn has exercised dominion and control over ERO and PRP for an improper purpose and because these entities are involved in a joint venture.

**IV.    CONCLUSION**

Finding that