# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FEDERATED MUTUAL INSURANCE
COMPANY, a Minnesota corporation,

       Plaintiff,

v.                                             Case No. 09-CV-857 JEC/RHS

EVER-READY OIL CO., INC., SHANNY
LAVED, CARL SMITH, RON SIMS,
CHARLES OCAS, ACORN VENTURES, INC.,
P.P., INC., GIANT FOUR CORNERS, INC.,
RAY F. COLLINS and CATHY COLLINS,
individually, as guardians of ALISSA GARCIA,
a minor, and a co-personal representatives of
the wrongful death estates of RENEE COLLINS-
GONZALES, deceased, ALISA GARCIA,
deceased, JACQUELINE GONZALES, deceased,
and SELENA GONZALES, MAXINE GONZALES,
and RALPH GONZALES, individually, as co-personal
representatives of the Estate of PAUL GONZALES
and ASHLEY RENEE GONZALES,

       Defendants,

and

GIANT FOUR CORNERS, INC. and
GIANT INDUSTRIES, INC.,

       Third Party Plaintiffs,

v.

WESTERN STATES INSURANCE GROUP, INC.
D.B.A. DESERT STATES INSURANCE, and
MAGGIE ANDERSON

       Third Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiff Federated Mutual Insurance Company's Motion for Summary Judgment on Giant Four Corners, Inc.'s Counter-Claims and Supporting Memorandum*, filed March 21, 2011 ("Motion") (Doc. 145); *Third-Party Defendants' Motion for Summary Judgment Seeking Dismissal of Third-Party Complaint,* filed March 21, 2011 ("Third-Party Motion") (Doc. 147); Third-Party Defendant's *Motion for Partial Summary Judgment Seeking Dismissal of Giant, Industries, Inc*., filed March 14, 2011 (Doc. 139); and Third-Party Defendants' *Motion for Summary Judgment Seeking Dismissal of the Third-Party Complaint*, filed July 14, 2011 (Doc. 184).

The primary issues are: (i) whether Giant Four Corners, Inc. and Giant Industries, Inc. (together, "Giant") is a real party in interest in its claims against Maggie Anderson and Western States Insurance Group, Inc. d/b/a Desert States Insurance (together, the "Third-Party Defendants"); (ii) whether Plaintiff is entitled to a declaratory judgment that coverage does not exist for claims made against Giant under Ever-Ready Oil's ("ERO's") insurance policies[1]; (iii) whether Plaintiff is entitled to summary judgment on Giant's counter-claims that Plaintiff violated New Mexico's Unfair Practices Act and Unfair Insurance Practices Act; and (iv) whether the Third-Party Defendants are entitled to dismissal of Giant's Third-Party Complaint.

Having reviewed the pleadings, the governing authority, and being otherwise fully informed, the Court finds that Giant is a real party in interest.  The Court further finds that Plaintiff's motion for summary judgment on Giant's counter-claims against it and the Third-

---

[1] Plaintiff made the request for this declaration in *Plaintiff Federated Mutual Insurance Company's Motion for Summary Judgment on its Amended Complaint and Supporting Memorandum* (Doc. 146), filed March 21, 2011 ("First Motion").  Because this request is intertwined with issues raised in this Motion, it is addressed here.

Party Defendants' request for dismissal of Giant's Third-Party Complaint are well-taken and will be granted.  The Court will also grant Plaintiff's request for declaratory judgment on coverage for Giant as to the dram-shop claims, but will deny its request as to the negligent leasing claim. Finally, the Court finds that Giant is not covered under the LL policy issued to ERO.

## I.   Procedural Background

Plaintiff initiated this declaratory action to resolve various coverage issues arising from underlying state lawsuits alleging that ERO's employee sold alcohol to an intoxicated patron, Mr. Pabst, on November 11, 2006.  Subsequent to purchasing alcohol, Pabst was involved in a two-car accident resulting in numerous fatalities.  The surviving occupant and family members of those deceased filed two lawsuits for personal injury and wrongful death in New Mexico state court against ERO and Giant, among other entities.

The plaintiffs in the state lawsuits allege that because ERO served alcohol to a visibly intoxicated individual, it is subject to dram-shop liability.[2]  They also allege that Giant, a company that leased its liquor license to ERO, was negligent in leasing its license and is jointly and/or vicariously liable for dram-shop violations and damages.  Plaintiff, not a party to either of the state lawsuits, filed this action, seeking a declaration that coverage does not exist for the claims made against Giant under any of the insurance policies issued to ERO.

Giant, in turn, filed counter-claims against Plaintiff, alleging violations of New Mexico's

---

[2]Specifically, the state court plaintiffs allege that the ERO Defendants violated NMSA § 60-7A-16 and § 40-11-1 (Dram Shop Act) by selling alcohol to Mr. Pabst.  It is a violation of the Liquor Control Act [60-3A-1 NMSA 1978] for a person to sell or serve alcoholic beverages to or to procure or aid in the procurement of alcoholic beverages for an intoxicated person if the person selling, serving, procuring or aiding in procurement, knows or has reason to know that he is selling, serving, procuring or aiding in procurement of alcoholic beverages for a person that is intoxicated."  First Mot., Ex. 7 (*Third Amended Complaint for Wrongful Death*, filed in state court).

3

Unfair Practices Act ("UPA"), NMSA 1978 §§ 57-12-1 *et seq*, and the Unfair Insurance

Practices Act ("UIPA"), NMSA § 59A-16-20, and a Third-Party Complaint against the Third-

Party Defendants, alleging breach of contract for failure to procure insurance and violations of

New Mexico's UPA and UIPA.  *See generally Answer, Counterclaim, Cross-claims, and Third-*

*Party Complaint of Giant Four Corners, Inc.* (Doc. 47), filed February 5, 2010 ("Third-Party

Complaint").  Giant states that Plaintiff and the Third-Party Defendants violated New Mexico's

UPA and UIPA by willfully misrepresenting the type of insurance coverage provided and

pertinent facts or policy provisions "relating to coverage at issue (i.e., that concerning liquor

liability)."  *Id*. at ¶ 60-61.  Giant also contends that the Third-Party Defendants breached their

contract with Giant by failing to provide suitable insurance to protect it from claims arising out

of the lease of its liquor license to ERO.  *Id*. at ¶ 57.

## II.  <u>Factual Background</u>

ERO obtained a liquor license from Giant pursuant to a Liquor License Lease Agreement

("Lease Agreement").  The Lease Agreement between ERO and Giant required ERO to maintain

"liability insurance, covering bodily injury and dram-shop liability" and to indemnify and defend

Giant against "all loss, liability, or expense arising out or relating to [use or operation] of the

liquor license."  Third-Party Compl., Ex. 3 (Lease Agreement).  Plaintiff was not a party to the

Lease Agreement.

Plaintiff provided insurance coverage to ERO under Commercial General Liability

("CGL"), Umbrella, and Liquor Liability ("LL") policies.  The Umbrella policy is  a "follow

form" policy, meaning that it provides coverage to the same extent as the CGL policy.  The LL

policy, which provides coverage for damages imposed by reason of the sale of alcohol, provides

in pertinent part:

I.      Insuring Agreement

a.   We will pay those sums that the insured becomes legally
     obligated to pay as damages because of "injury" to which
     this insurance applies if liability for such "injury" is
     imposed on the insured by reason of the selling, serving
     or furnishing of any alcoholic beverage.  We will have the
     right and duty to defend the insured against any "suit"
     seeking damages for "injury" to which the insurance does
     not apply.  We may, at our discretion, investigate any
     "injury" and settle any claim or "suit" that may result.

First Mot. at 9-10 (quoting LL policy).

The CGL policy contains a liquor-liability exclusion that precludes coverage for liability

as a result of selling, serving or furnishing alcoholic beverages to a visibly intoxicated patron.

The liquor-liability exclusion provides, in pertinent part:

[t]his insurance does not apply to:

**c.      Liquor Liability**

"Bodily injury" or "property damage" for which any insured may
be held liable by reason of:

(1)     Causing or contributing to the intoxication of any person;

(2)     The furnishing of alcoholic beverages to a person under the legal drinking
        age or under the influence of alcohol; or

(3)     Any statute, ordinance or regulation relating to the sale, gift, distribution
        or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing,
distributing, selling, serving or furnishing alcoholic beverages.

Mot. at 5 (quoting CGL policy).

The Third-Party Defendants issued two ACORD Certificate of Liability Insurance

("ACORD ") forms to Giant.  ACORD forms are standard insurance industry forms published by

the Acord Corporation.  The ACORD forms, dated October 3, 2006 and December 12, 2006, list

5

Giant as an additional insured under ERO's CGL and Umbrella policies.

Each ACORD form provides, in pertinent part, that:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF
> INFORMATION ONLY AND CONFERS NO RIGHTS
> UPON THE CERTIFICATE  HOLDER.  THIS CERTIFICATE
> DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE
> AFFORDED BY THE POLICIES BELOW.
>
> * * *
>
> THIS IS TO CERTIFY THAT THE POLICIES OR INSURANCE
> LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED
> ABOVE FOR THE POLICY PERIOD INDICATED,
> NOTWITHSTANDING ANY REQUIREMENT, TERM OR
> CONDITION OF ANY CONTRACT OR OTHER DOCUMENT
> WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE
> ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED
> BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO
> ALL THE TERMS, EXCLUSIONS, AND CONDITIONS OF
> SUCH POLICIES.

Mot., Ex. 1 (ACORD forms).

The ACORD forms do not reference ERO's LL policy, and Giant is not listed as an additional insured under ERO's LL policy.  The ACORD forms also do not list any of the exclusions in the CGL policy.  Giant did not receive copies of the CGL and Umbrella policies identified in the ACORD forms.  Plaintiff subsequently denied coverage to Giant for the claims made against it based on the liquor-liability exclusion and because Giant was not an additional named insured under ERO's LL policy.

### III.   Undisputed Material Facts

The following facts are either undisputed or have not been specifically controverted and are deemed admitted.  At ERO's request, the Third-Party Defendants obtained CGL and umbrella coverage for Plaintiff and named Giant as an additional insured on each policy.  Third-Party Mot. at 3.  The Third-Party Defendants have admitted acting as agents for Plaintiff.  *Id.*

The Third-Party Defendants issued ACORD forms to Giant, identifying the Third-Party Defendants as Plaintiff's agent.  Giant's Resp. to Third-Party Mot. at 4.  The Third-Party Defendants also obtained a LL policy for ERO.  Third-Party Mot. at 4.  ERO did not ask the Third-Party Defendants to add Giant to ERO's LL policy.[3]  *Id*. at 7.  ERO did not provide a copy of the Lease Agreement to the Third-Party Defendants or inform them of its terms and conditions.  *Id*. at 5.  Prior to November 11, 2006, the Third-Party Defendants did not have a copy of the Lease Agreement and were unaware of its terms and conditions.  *Id*.  Giant did not ask the Third-Party Defendants to add it to ERO's LL policy, and there is no request in the Third-Party Defendants' file to add Giant to ERO's LL policy.  *Id*. at 4-5.

### IV.   <u>Legal Standards</u>

### A.   **Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.R.CIV.P. 56(a).  A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248).  The court must consider all the evidence in the light most favorable to the party opposing summary judgment.

---

[3]Giant disputes this fact by stating that the affidavits corroborating it are self-serving.  *Id*.  The Court disagrees. Where an affidavit is based on personal knowledge, sets out facts that would be admissible in evidence, and shows that an affiant is competent to testify, the averment of a party is legally competent to oppose summary judgment, notwithstanding its inherently self-serving nature.  *Williams v. Shields*, 77 Fed. Appx. 501, 503 (unpublished) (10th Cir. 2003) (internal quotations and citations omitted).  Because the affidavits state that ERO did not ask the Third-Party Defendants to add Giant to its LL policy, and Giant does not specifically controvert this fact with citations to the record, the Court will deem this fact admitted.  *See* D.N.M.LR-Civ. 56.1(b).

*See Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006).

The movant has the initial burden of showing that there is no genuine dispute of material fact. *Anderson,* 477 U.S. 242 at 247. The party opposing the motion may not rest on mere allegations or denials in the pleadings, but must set forth specific facts showing a genuine issue for trial. *Id*. at 248. Both the movant and the party opposing summary judgment are obligated to "cit[e] to *particular parts* of materials in the record" to support their factual positions. FED.R.CIV.P. 56(c)(1)(A) (emphasis added). Alternatively, parties may show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED.R.CIV.P. 56(c)(1)(B). The court need consider only the cited materials, but it may consider other materials in the record. FED.R.CIV.P. 56(c)(3). In the event that a party fails to cite materials or otherwise properly address another party's assertion of fact, the court may consider the fact undisputed and, if the motion and supporting materials show that the movant is entitled to it, grant summary judgment. FED.R.CIV.P. 56(e).

### B.     Real Party in Interest

"An action must be prosecuted in the name of a real party in interest." FED.R.CIV.P. 17(a). In diversity cases the identity of a real party in interest is determined by the substantive law of the forum state. *See K-B Trucking Co. v. Riss Int'l. Corp*., 763 F.2d 1148, 1153 (10th Cir. 1985). In New Mexico, "[a] real party in interest is one who owns the right being enforced or who is in a position to discharge the defendant from liability." *Moody v. Stribling*, 985 P.2d 1210, 1214 (Ct. App. 1999), *cert. denied*, 127 N.M. 389, 981 P.2d 1207 (1999). When an insurance carrier has paid for the entire loss suffered by an insured, it is the only real party in interest. *See State Farm Mut. Auto. Ins. Co. v. Found Reserve Ins. Co.*, 78 N.M. 359, 364, 431

P.2d 737, 742 (Ct. App. 1967).  However, when an insurance company has made only a partial

reimbursement, both the insurer and the insured are real parties in interest.  *Garcia v. Hall*, 624

F.2d 150, 151 (10th Cir. 1980).  *See also Amica Mutual Ins. Co. v. Maloney*, 120 N.M. 523, 527-

528, 903 P.2d 834, 838-839 (1995) ("when the amounts paid by the insurer cover only part of the

insured's loss, leaving an excess loss to be made good by the tortfeasor, the insured retains the

right of action for the entire loss and holds the insurer's subrogated interest in trust" in the

absence of intervention.).

#### C.    Insurance Contract Interpretation

In New Mexico, the construction of an insurance policy is a matter of law which can be

decided on summary judgment.  *Winters v. Charter Oak Fire Ins. Co.*, 4 F. Supp. 2d 1288, 1291

(D.N.M. 1988); *Adams-Arapahoe Joint Sch. Dist. v. Continental Ins. Co.*, 891 F.2d 772, 774

(10th Cir. 1989).   Under New Mexico law, insurance policies are interpreted by the same rules

that govern the interpretation of contracts.  *Rummel v. Lexington Ins. Co.*, 123 N.M. 752, 753,

945 P.2d 970, 976 (1997).  The words of the contract are given their ordinary meaning, and the

contract must be construed as a whole, including its declarations, endorsements, and any other

attachments.  *Id*. (internal quotations and citations omitted).  If the insurance contract is clear and

unambiguous, the terms must be enforced as written.  *Sanchez v. Herrera*, 109 N.M. 155, 159,

783 P.2d 465, 469 (1989).

In determining coverage, the Court must consider the factual allegations in the complaint

in light of the terms of the insurance policy.  *Bernalillo County Deputy Sheriffs Ass'n v. County

of Bernalillo*, 114 N.M. 695, 697, 845 P.2d 789, 791 (1992).  A duty to defend arises when the

allegations in the complaint, together with any factual information known to the insurer, bring

the claim within the arguable or potential coverage of the policy.  *Id.*  An insurer may justifiably

refuse to defend only when the allegations of a complaint clearly fall outside of the coverage of the policy. *Id.* "Any doubt about whether the allegations are within the policy coverage is resolved in the insured's favor." *State Farm Fire & Cas. Co. v. Price*, 101 N.M. 438, 442, 684 P.2d 524, 528-529 (Ct. App. 1984), *overruled on other grounds, Ellingwood v. N.N. Investors Life Ins. Co.*, 111 N.M. 301, 307, 805 P.2d 70, 76 (1991). Where the controversy concerns an exclusion to coverage, the burden is on the insurer to establish that the exclusion applies. *Winters*, 4 F. Supp. 2d at 1291. Generally, exclusion clauses in insurance contracts are construed narrowly. *See Knowles v. United Servs. Auto. Ass'n*, 113 N.M. 703, 705, 832 P.2d 394, 396 (1992); *Rummel*, 123 NM at 759, 945 P.2d at 977.

The New Mexico Supreme Court considers the reasonable expectations of the insured when determining whether an exclusionary clause is effective to nullify coverage under an insurance policy. *Barth v. Coleman*, 118 N.M. 1, 5, 879 P.2d 319, 323 (1994), citing *Knowles v. United Servs. Auto. Ass'n,* 113 N.M. 703, 705, 832 P.2d 394, 396 (1992). Coverage may be granted under the reasonable expectations doctrine "when the language of an insurance policy, representations of the insurance company, or the dynamics of the insurance transaction lead an insured to reasonably expect coverage." *Id.* The doctrine of reasonable expectations provides for coverage even where the policy language is unambiguous and coverage is excluded under the literal terms of the policy. *Id.* However, judgment as a matter of law against an insured is appropriate when the insured's expectations do not reasonably extend to the facts of the case or when the insured's expectations conflict with the language of the policy. *Berlangieri v. Running Elk Corp.*, 132 N.M. 92, 98, 44 P.3d 538, 544 (2002).

### D.      The UPA and the UIPA

The UPA and the UIPA prohibit misleading or deceptive communications to consumers.

Representations that are considered "unfair or deceptive practices" under the UPA can be any one of eighteen enumerated practices listed under § 57-12-2(D), including exaggeration, innuendo, or ambiguity as to a material fact. *See* NMSA § 57-12-2(D)(14). The UPA applies to all misleading or deceptive statements, whether "oral or written statement, visual description or other representation . . . that are either false or misleading" and "knowingly made in connection with the sale, lease, rental or loan of goods or services." *Ashlock v. Sunwest Bank of Roswell, N.A.*, 107 N.M. 100, 101, 753 P.2d 346, 347 (1988); NMSA 1978, § 57-12-2(C), *overruled on other grounds,* 120 N.M. 133, 899 P.2d 576 (1995). The UIPA places similar restrictions on trade practices within the insurance business. Under the UIPA, no person may "misrepresent to insureds pertinent facts or policy provisions relating to coverages at issue." NMSA § 59A-16-20.

III.   **Analysis**

    A.    **Giant Is a Real Party in Interest**

The Third-Party Defendants allege that Giant "lacks standing" to seek recovery for its losses because American Home Assurance Company ("AHAC"), Giant's other insurer, reimbursed Giant for them. *See Motion for Summary Judgment Seeking Dismissal of the Third-Party Complaint* (Doc. 185) at 3. Specifically, they allege that because Giant's settlement agreement in the state lawsuits states that AHAC paid the settlement on Giant's behalf, AHAC is the real party in interest and owns the right to pursue recovery. *Id.* Giant responds that it is a real party in interest because both it and AHAC contributed to the settlement. Resp. at 4, Ex. A (*Giant's Responses and Objections to Third Party Defendants' First Interrogatories*, dated October 1, 2010). Giant states that it contributed "approximately $305,000.00" and that AHAC did not fully compensate it. *Id.* The Third-Party Defendants assert that Giant does not cite to the

record to substantiate its payment claims, and the Court must ignore these claims as "attorney argument, speculation and conjecture."  Reply at 3 (citing *Bones v. Honeywell Int'l, Inc*., 366 F.3d 869, 875 (10th Cir. 2004).

"When the amounts paid by the insurer cover only part of the insured's loss, the insured retains the right of action for the entire loss and holds the insurer's subrogated interest in trust" in the absence of intervention.  *Amica Mutual Ins. Co. v. Maloney* 120 N.M. 523, 527-528, 903 P.2d 834, 838-839 (1995)  Where the insured brings suit for the entire loss, the partially subrogated insurance company need not be named as a party to the suit under FED.R.CIV.P 17(a) under certain circumstances, including when joinder would destroy diversity.  *Garcia v. Hall*, 624 F.2d 150, 151-152 (10th Cir. 1980).

Giant has provided evidence that it was only partially reimbursed for its losses by AHAC.  The Court agrees that Giant's statement of having paid approximately $305,000.00 is not supported by the record.  *See* FED.R.CIV.P. 56(c)(1)(A) (the nonmovant must "cit[e] to particular parts of materials in the record" to support its factual positions).  However, Giant also stated in its discovery responses that it contributed to the settlement.  Resp. at 4.  Under FED.R.CIV.P. 56(c)(1)(A), a party may support a factual position by citing to interrogatory answers.  Because Giant has provided support for it factual position that AHAC only partially reimbursed it for its losses, it is a real party in interest.  *See Amica,* 120 N.M. at 527-528, 903 P.2d at 838-839; *Garcia,  v. Hall*, 624 F.2d at  151.  Further, because Giant has brought suit for the entire loss, the Third-Party Defendants have not demonstrated that joinder of AHAC is necessary.  Accordingly, the Court denies the Third-Party Defendants' Motion to Dismiss the complaint against them.

**B.    The Liquor-Liability Exclusion Does Not Bar Coverage for All Claims Against Giant**

Plaintiff asserts that the liquor-liability exclusion in the CGL policy bars coverage for the claims against Giant.  Mot. at 13.  Giant does not refute that the exclusion bars coverage, asserting instead that the exclusion should not apply to it because:  (1) it was not informed "that it would not be provided coverage for liquor liability claims;" and (2) the liquor-liability exclusion was not identified in the ACORD forms.  Resp. at 5.  Giant adds that because the extent of coverage was uncertain, Plaintiff should not be allowed to rely on the liquor-liability exclusion to deny coverage to Giant.  *Id.*

Giant's reliance on the ACORD forms to avoid application of the liquor-liability exclusion is misplaced.  The ACORD forms contain disclaimer language that they confer no rights and "do not amend, extend or alter the coverage afforded by the policies."  Mot., Ex. 1 (ACORD forms).  The ACORD forms further state that they are "subject to all terms, exclusions, and conditions of [the specified insurance] policies."  *Id.*  The New Mexico Supreme Court has held that a party cannot rely on a certificate of insurance containing similar disclaimer language to avoid application of a limitation in an insurance policy.  *Young v. Seven Bar Flying Service, Inc.*, 101 N.M. 545, 548, 685 P.2d 953, 956 (1984).  In *Young*, the insurer provided the plaintiff with a certificate of insurance stating that it was for informational purposes and notifying him to refer to the policy for particulars regarding the limitations, conditions and terms of coverage.  *Id.*  The plaintiff asserted that because the certificate did not identify the limitations in the policy, and he was never provided with a copy of the policy, the insurer should be estopped from applying a time-to-sue limitation against him.  *Id.*, 101 N.M. 545 at 547, 685 P.2d 953 at 955.  The court disagreed, concluding that because the disclaimer language informed the plaintiff to refer to the policy for limitations, the insurer's failure to provide a copy of the insurance policy

did not result in a waiver or estop the insurer from asserting a time-to-sue limitation. *Id.*, 101 N.M. 545 at 548, 685 P.2d 953 at 957.

The ruling in *Young* is consistent with "the majority view that where a certificate of insurance ... expressly indicates [that] it is not to alter the coverage of the underlying policy, the requisite intent is not shown and the certificate will not effect a change in the policy." *Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir. 1991). *See also True Oil Co. v. Mid-Continent Cas. Co.*, 173 Fed. Appx. 645, 650 (10th Cir. 2006) (unpublished)[4] (holding that, where a certificate contains a disclaimer, the fact that the certificate lists coverage contrary to the policy does not extend coverage); *Ann Taylor, Inc., v. Heritage Ins. Serv., Inc*., 259 S.W.3d 494, 501 (Ky. App. 2008) (because of disclaimer language in the certificate, the certificate holder could not rely on the fact that it did not list exclusions in policy to avoid an applicable exclusion).

The ACORD forms notified Giant that it was subject to the exclusions within the policies and did not alter, modify or extend coverage in the policies. Mot., Ex. 1. Because of this disclaimer language, Giant cannot rely on the ACORD forms to avoid application of the liquor-liability exclusion. Accordingly, the liquor-liability exclusions in the CGL and Umbrella policies apply to bar coverage under those two policies for liability "by reason of: (1) causing or contributing to the intoxication of any person; (2) [t]he furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) [a]ny statute, ordinance or regulations relating to the sale, gift, distribution or use of alcoholic beverages" Mot.

---

[4] "The citation of unpublished decisions is permitted to the full extent of the authority found in Fed. R. App. P. 32.1. Unpublished opinions are not precedential, but may be cited for their persuasive value. They may also be cited under the doctrines of law of the case, claim preclusion and issue preclusion.

at 5 (quoting CGL policy).

The liquor-liability exclusion, however, does not bar coverage for claims distinct from the sale or service of alcohol or the causing of, or contributing to, a person's intoxication.  In addition to alleging that Giant is liable for dram-shop violations, the plaintiffs in the state lawsuits also allege that Giant was negligent in leasing its liquor license to ERO.  First Mot. at 8. This allegation does not have a direct nexus to the sale or service of alcohol or the causing of, or contributing to, a person's intoxication.  When determining the scope of a liquor-liability exclusion, most courts "have made the distinction between (a) allegations arising directly out of or dependent upon the sale of alcohol, the service of alcohol beverages, or the causing of a person's intoxication, and (b) allegations based on more general theories of negligence which could arise in contexts completely unrelated to the service of alcohol."  *Capitol Indem. Corp. v. Blazer*, 51 F. Supp. 2d 1080, 1088 (D. Nev. 1999) (internal citations omitted).

In *Capitol*, the court found the liquor-liability exclusion barred coverage for claims premised upon the service of alcohol or contribution to intoxication, but not for a bartender's alleged negligence in failing to warn, intercede and promptly request police assistance when it became likely that patrons would commit assault and battery on a fellow patron.  *Id*. at 1089-1090.  In *Western Heritage Ins. v. Guliani*, the court found that the liquor-liability exclusion did not bar coverage for a negligent entrustment claim where the bar took away the patron's moped because of his intoxicated condition and returned it to him while he was still intoxicated.  38 Fed. Appx. 974, 976-978 (4th Cir. 2002).  The court in *Western Heritage* based its determination on the fact that there was no required causal link between the service of alcohol and injuries resulting from negligent entrustment.  *Id*.

The Court finds the reasoning in these cases persuasive, particularly given that exclusion

15

clauses in New Mexico are to be construed narrowly.  *Rummel*, 123 NM at 759, 945 P.2d at 977.

Because the negligent leasing claim is distinct from claim of dram shop violations, it falls within

the potential coverage of the policy.  *See Martin v. West Amer. Ins. Co.*, 993 P.2d 763, 766

(1999).  Accordingly, Plaintiff's request for declaratory judgment that Giant is not entitled to

coverage will be granted as to the dram-shop claims and denied as to the  negligent leasing

claim.

### C.      Giant is Not Covered Under ERO's LL Policy

Giant does not rely on the ACORD forms alone in alleging that it is entitled to insurance

coverage for the claims against it.  Giant also states that it was led to believe that it had the same

insurance coverage as ERO.  Resp. to First Motion at 4-5.  Specifically, Giant alleges that

because the Third-Party Defendants, acting as Plaintiff's agent, provided insurance to ERO, and

issued ACORD forms listing Giant as an additional insured on the CGL and Umbrella policies

issued to ERO, it was led to believe it had all of the same insurance as ERO, including liquor-

liability coverage.  *Id*, ex. 1 (affidavit of Robert C. Sprouse, Vice President of Giant Four

Corners, Inc.).  Giant adds that the fact that the Third-Party Defendants had an agency

relationship with Plaintiff and issued ACORD forms to Giant "creates material issues of fact as

to which parties made material misrepresentations concerning the extent and scope of coverage."

Giant's Resp. to Third-Party Mot. at 5.

Giant appears to argue that it is entitled to liquor-liability coverage because the

circumstances surrounding the insurance transaction led it to believe that it had such coverage.

Under the doctrine of reasonable expectations, a party may be entitled to insurance coverage,

even where it is excluded by the policy, if the circumstances surrounding the insurance

transaction led to a reasonable expectation of such coverage.  *See Barth v. Coleman*, 118 N.M. 1,

5, 870 P.2d 319, 323 (1994) (the doctrine of reasonable expectations applies even where the policy language is unambiguous and coverage is excluded under the literal terms of the policy). "Often the dynamics of the insurance transaction, and not the language of the contract itself, determine what the reasonable expectations of the insured are." *Id.* (*citing Collister v. Nationwide Life Ins. Co.*, 479 Pa. 579, 388 A.2d 1346, 1354 (1978)).

Giant does not state, much less establish, that its expectation of liquor-liability coverage was reasonable. Giant's reliance on the ACORD forms as support for its expectation is misplaced because they contain disclaimer language and do not reference liquor-liability coverage. Mot., Ex. 1 (ACORD forms). Giant's reliance on the agency relationship is also misplaced because nobody requested liquor-liability coverage for Giant, and Giant has not presented any evidence of statements that could lead it to reasonably expect that it had received liquor-liability coverage. *See Berlangieri v. Running Elk Corp.*, 132 N.M. 92, 44 P.3d 538 (2002).

Giant's subjective expectation of liquor-liability coverage, without more, is insufficient to trigger the doctrine of reasonable expectations. *See Ponder v. State Farm Mut. Auto Ins. Co.*, 129 N.M. 698, 704, 12 P.3d 960, 965 (N.M. 2000) (although New Mexico allows extrinsic evidence to determine whether an ambiguity exists [based on the dynamics of an insurance transaction], "a party's statements of unilateral, subjective intent, without more, are insufficient to establish ambiguity in light of clear contract language."). Because Giant's expectation of liquor-liability coverage is not reasonable based on the facts presented, the Court will grant summary judgment in favor of Plaintiff on Giant's claim for coverage under ERO's LL policy.

### D.   The Court Will Grant Summary Judgment on Giant's UPA and UIPA Claims Against Plaintiff and the Third-Party Defendants

Giant asserts that the Third-Party Defendants, and Plaintiff, (through the Third-Party

Defendants as its agent), violated New Mexico's UPA and UIPA by making misrepresentations about its insurance coverage. Third-Party Compl. at ¶¶ 55, 60, 62. Giant claims that the Third-Party Defendants and Plaintiff: (1) represented that goods or services have characteristics, uses, or benefits that they do not have; (2) using innuendo or ambiguity as to material fact; (3) failing to state a material fact if doing so deceives or tends to deceive; and (4) failing to deliver the quality of services for which Plaintiff contracted. *Id.* at ¶ 60. Giant also alleges that Plaintiff and the Third-Party Defendants violated the UIPA by misrepresenting to Giant pertinent facts or policy provisions "relating to coverage at issue (i.e., that concerning liquor liability)." *Id.* at ¶ 62. Plaintiff and the Third-Party Defendants move for summary judgment on the basis that Giant has failed to provide evidence of any communications, much less deceptive or false communications, knowingly made about liquor-liability coverage. Mot. at 10; Third-Party Mot. at 10.

Giant responds that the ACORD forms constitute misrepresentations in that they led Giant to believe that it had insurance coverage as contemplated by the Lease Agreement. Resp. to Mot. at 3; Resp. to the Third-Party Mot. at 3-4. Giant also states that because the Third-Party Defendants admitted that they were Plaintiff's agents, obtained coverage for ERO under an LL policy, and listed Giant as an additional insured on the CGL and Umbrella policies, the "only possible interpretation is that Giant was misled to believe that it would have liquor-liability coverage. Resp. to Mot. at 7; Resp. to the Third-Party Defendants' Mot. at 5.

Four elements must be established to invoke the UPA. A plaintiff must show: (1) that the defendant made an "oral or written statement, visual description or other representation ... that was either false or misleading;" (2) the false or misleading representation was "knowingly made in connection with the sale, lease, rental or loan of goods or services in the extension of

credit or   ... collection of debts;" (3) the conduct complained of must have occurred in the

regular course of the defendant's trade or commerce; and (4) the representation must have been

of the type that "may, tends to or does, deceive or mislead any person." *Ashlock*, 107 N.M. at

101, 753 P.2d at 347l; NMSA § 57-12-2(C).  The UIPA also prohibits unfair and deceptive

practices by an insurer.  Under the UIPA, no person may "misrepresent to insureds pertinent

facts or policy provisions relating to coverages at issue."  NMSA § 59A-16-20.

The ACORD forms do not reference liquor-liability coverage.  They also contain

disclaimer language stating that they do not amend, extend or alter the policies and direct the

insured  to the policies to determine the scope of coverage.  Mot., Ex. 1.  Thus, the ACORD

forms do not constitute "a false or misleading representation,"  much less a knowing

misrepresentation, of the scope of coverage provided.  *See Ashlock*, 107 N.M. at 101, 753 P.2d at

3471.  Although New Mexico has not addressed misrepresentation claims based on certificates

of insurance with disclaimer language, the New Mexico Supreme Court has held that an insured

cannot rely on such a certificate to override a limitation in a policy.[5]  *Young,* 101 N.M. 545 at

547, 685 P.2d 953 at 955.  If an insured cannot rely on a certificate of insurance with disclaimer

language to avoid a limitation in the policy, it cannot reasonably rely on such a certificate as

evidence of a knowing misrepresentation of coverage.  Indeed, courts have dismissed

misrepresentation claims where the certificate of insurance contained similar disclaimer

language.  *See Complete Roofing Serv. Inc. v. Doherty, Duggan & Rouse, Insurers, Inc.*, 328

Fed. Appx. 296, 299 (5th Cir. 2009) (dismissing a negligent misrepresentation claim based on a

---

[5] In the absence of precedent from the New Mexico Supreme Court, this Court must
anticipate how that court would rule and hold accordingly.  *Adams–Arapahoe Sch. Dist. No.
28–J v. GAF Corp.*, 959 F.2d 868, 871 (10th Cir. 1992).  In so predicting, the Court will consider
"state-court decisions, decisions of other states, federal decisions, and the general weight and
trend of authority." *Armijo v. Ex Cam, Inc.,* 843 F.2d 406, 407 (10th Cir.1988).

certificate of insurance because the disclaimer language directed the certificate holder to refer to
the underlying policy for purposes of determining coverage); *Ann Taylor, Inc. v. Heritage Ins.
Serv., Inc.*, 259 S.W.3d 494, 496-497 (Ky. Ct. App. 2008) (summary judgment on
misrepresentation claim granted because even though the certificate of insurance did not list
exclusions in the policy, it directed the certificate holder to review the policy in order to
determine its scope of coverage).  The Court finds these cases persuasive, particularly in light of
the New Mexico Supreme Court's ruling in *Young*.  Accordingly, the ACORD forms do not
constitute evidence of misrepresentation under the UPA and UIPA.

Giant also relies on the circumstances surrounding the insurance transaction as evidence
of misrepresentation but fails to produce evidence of any communications, with the exception of
the ACORD forms, made pursuant to this transaction.  Because Giant has failed to produce
evidence of any communications made by Plaintiff or the Third-Party Defendants about liquor-
liability coverage, much less deceptive or misleading communications, the Court will grant
summary judgment in favor of Plaintiff and the Third-Party Defendants on Giant's UPA and
UIPA claims.

**E.      The Court Will Grant Summary Judgment on Giant's Failure to Procure
         Insurance Claim Against the Third-Party Defendants**

Giant's remaining claim against the Third-Party Defendants is that they breached their
contract with Giant, "as evidenced by the ACORD forms, to provide suitable insurance to protect
it from claims arising out of its liquor license to ERO."   *Id.* at ¶ 57.  The Third-Party Defendants
respond that in the absence of a request to add Giant as an additional or named insured under the
LL policy, they had no duty to obtain liquor-liability coverage for Giant.  Resp. at 7.  The Third-
Party Defendants add that because they never had any communications with Giant, they did not
have an agency relationship and cannot be held liable for failing to procure liquor-liability

insurance coverage for Giant. *Id*. at 8-9.

In New Mexico, an insurance agent or broker can be held liable, even under an oral agreement to procure insurance, if he fails to obtain the requested coverage. *Brown v. Cooley*, 56 N.M. 630, 635, 247 P.2d 868, 872 (1952). The liability of a broker "who undertakes to procure insurance for others and, through his fault or neglect, fails to do so," may be predicated on negligence or breach of contract. *Sanchez v. Martinez*, 99 N.M. 66, 70, 653 P.2d 897, 900 (Ct. App. 1982). A failure to procure insurance claim, predicated on a breach of contract, requires a legally enforceable promise to procure coverage. *Nance v. L.J. Dolloff Associates, Inc.*, 138 N.M. 851, 856, 126 P.3d 1215, 1220 (2005). Summary judgment on a failure to procure insurance claim is appropriate where no request for specific coverage has been made. *State Farm Fire and Cas. Co., v. Price*, 101 N.M. at 446, 684 P.2d at 532; *Hardison v. Balboa Ins. Co.*, 4 Fed. Appx. 663, 673 (10th Cir. 2001) (unpublished) (liability for failure to procure insurance, under either a contract or tort theory, occurs only where the insured has actually requested coverage from the agent).

Giant does not offer any evidence that it requested liquor-liability coverage from the Third-Party Defendants or that ERO made such a request on its behalf. A request for, or expectation of, coverage must be communicated to an agent or broker in order to trigger a duty to procure such coverage. *State Farm Fire*, 101 N.M. at 446, 684 P.2d at 532. In the absence of a request to the Third-Party Defendants to add Giant to the LL policy, the Third-Party Defendants had no duty to procure such insurance for Giant. For the reasons stated, *supra*, at 12-13, Giant's reliance on the ACORD forms as contractual evidence of a promise to procure LL insurance is also unavailing. Accordingly, the Court will dismiss Giant's failure to procure insurance claim against the Third-Party Defendants.

**F.**     **The Court Will Deny the Third-Party Defendants' Motion for Partial Summary Judgment as Moot**

In their *Motion for Partial Summary Judgment Seeking Dismissal of Giant, Industries, Inc.*, the Third-Party Defendants request dismissal of Giant Industries, Inc. on the basis that "it is a corporate entity with no connection to this lawsuit." Mot. at 3. Specifically, the Third-Party Defendants state that because Giant, Industries, Inc., unlike Giant Four Corners, Inc, was not a named defendant in the underlying state lawsuits or a party to the Lease Agreement, it has no connection to the lawsuit and should be dismissed. *Id.* Because the Court is granting summary judgment on all of Giant's claims against the Third-Party Defendants, it will deny the Third-Party Defendants' request for dismissal of Giant Industries, Inc. as moot.

**V.**     **Conclusion**

The Court finds that Giant is a real party in interest. The Court further finds that the liquor-liability exclusion in the CGL and Umbrella policies apply to Giant, though the exclusion does not bar coverage under those policies for the negligent-leasing claim against Giant. The Court further finds that Giant is not covered under ERO's LL policy. Because Giant has provided no evidence of misleading or deceptive statements, Plaintiff and the Third-Party Defendants are entitled to summary judgment on Giant's UPA and UIPA claims against them. Because Giant has provided no competent summary judgment evidence of a request or agreement to procure LL coverage, the Third-Party Defendants are also entitled to summary judgment on Giant's failure to procure insurance claim against it. Finally, the Court denies Third-Party Defendants' request for dismissal of Giant, Industries, Inc., as moot.

WHEREFORE,

**IT IS ORDERED THAT:**

**I.**     The Third-Party Defendants' *Motion for Summary Judgment Seeking Dismissal of*

22

*the Third-Party Complaint*, filed July 14, 2011 (Doc. 184) is **DENIED**;

  **II.** *Plaintiff Federated Mutual Insurance Company's Motion for Summary Judgment on Giant Four Corners, Inc.'s Counter-Claims and Supporting Memorandum* (Doc. 145), filed March 21, 2011, is **GRANTED** as to summary judgment on the counter-claims and a declaratory judgment that Giant is not covered under ERO's LL policy, and **DENIED** as to a declaratory judgment that the liquor-liability exclusion bars all claims against Giant;[6]

  **III.** *Third-Party Defendants' Motion for Summary Judgment Seeking Dismissal of Third-Party Complaint,* filed March 21, 2011 (Doc. 147) is **GRANTED**; and

  **IV.** The Third-Party Defendant's *Motion for Partial Summary Judgment Seeking Dismissal of Giant, Industries, Inc*., filed March 14, 2011 (Doc. 139) is **DENIED** as moot.

  Dated March 29, 2012.

         _____

        SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Acorn Ventures, Inc., Ever-Ready Oil Co., Inc., P.P., Inc., Ron Sims & Carl Smith:

  Jeffrey A. Dahl
  Kurt Wihl
  Keleher & McLeod, P.A.
  Albuquerque, NM

Attorneys for Western States Insurance Group, Inc. & Maggie Anderson:
  Josh E Eden
  Willam P. Gralow
  Megan Day Hill
  Mark Daniel Trujillo
  Civerolo, Gralow, Hill & Curtis, P.A.
  Albuquerque, NM

---

  [6]For the reasons stated, *supra*, at 1, Plaintiff's request for declaratory judgment on the issue of coverage in its First Motion is addressed here.

23

Attorneys for Ashley Renee Gonzales, Maxine E. Gonzales & Ralph Gonzales:
     David P. Garcia
     Erin B. O'Connell
     Ray M. Vargas
     Garcia & Vargas LLC
     Santa Fe, NM

Attorneys for Federated Mutual Insurance Company:
     Laura J. Hanson
     Meagher & Greer
     Minneapolis, MN

     Thomas M. Hnasko
     Santa Fe, NM

Attorneys for Giant Four Corners, Inc.
     Lynn Rada
     San Antonio, TX

     Jeff Ray
     El Paso, TX

     Robert E. Valdez
     Ray, Valdez, McChristian & Jeans, P.C.