## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FEDERATED MUTUAL INSURANCE
COMPANY, a Minnesota corporation,

    Plaintiff,

v.   Case No. 09-CV-857 WJ/RHS

EVER-READY OIL CO., INC., CARL SMITH,
RON SIMS, ACORN VENTURES, INC.,
P.P., INC., GIANT FOUR CORNERS, INC.,
MAXINE GONZALES and RALPH GONZALES,
individually, as co-personal representatives of the
Estates of PAUL GONZALES, Deceased
and ASHLEY RENEE GONZALES,

    Defendants,

and

GIANT FOUR CORNERS, INC.

    Defendant, Third Party Plaintiffs,

v.

WESTERN STATES INSURANCE GROUP, INC.
D.B.A. DESERT STATES INSURANCE, and
MAGGIE ANDERSON

    Third Party Defendants.

and

GIANT FOUR CORNERS, INC.

    Defendant, Counter Claimant,

v.

FEDERATED MUTUAL INSURANCE
COMPANY, a Minnesota corporation,

    Plaintiff, Counter Defendant.

**MEMORANDUM OPINION AND ORDER**

**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

**THIS MATTER** comes before the Court on *Plaintiff Federated Mutual Insurance Company's Motion for Reconsideration and Memorandum in Support Thereof*, filed June 21, 2012 ("Motion for Reconsideration") (Doc. 193).  Having carefully considered the Motion for Reconsideration, the pleadings and the governing authority, and being otherwise fully informed, the Court finds that Plaintiff's Motion for Reconsideration is not well-taken and accordingly, is denied.

### I.   Background and Procedural History

Plaintiff provided insurance coverage to Ever-Ready Oil ("ERO") under Commercial General Liability ("CGL"), Umbrella, and Liquor Liability ("LL") policies.  ERO obtained a liquor license from Giant Four Corners Inc. ("Giant") pursuant to a Liquor License Lease Agreement ("Lease Agreement").  The Lease Agreement between ERO and Giant required ERO to maintain "liability insurance, covering bodily injury and dram-shop liability[1]" and to indemnify and defend Giant against "all loss, liability, or expense arising out or relating to [use or operation] of the liquor license."  Third-Party Compl. (Doc. 47), Ex. 3 (Lease Agreement). ERO added Giant as an additional insured under its CGL and Umbrella policies but not under its LL policy.  The CGL policy contains a liquor-liability exclusion stating that the insurance does

---

[1]The plaintiffs allege in the underlying state-court actions that the ERO Defendants violated NMSA § 60-7A-16 and § 40-11-1 (Dram Shop Act) by selling alcohol to a visibly intoxicated patron.  It is a violation of the Liquor Control Act, [60-7A-1 NMSA 1978], for a person to sell or serve alcoholic beverages to or to procure or aid in the procurement of alcoholic beverages for an intoxicated person if the person selling, serving, procuring or aiding in procurement, knows or has reason to know that he is selling, serving, procuring or aiding in procurement of alcoholic beverages for a person that is intoxicated.

not apply to "bodily injury" or "property damage" for which any insured may be held liable by reason of:

> (1) Causing or contributing to the intoxication of any person;
>
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Plaintiff's Motion for Summary Judgment ("Motion") (Doc. 146) at 11-12 (quoting CGL policy).

On November 11, 2006, one of ERO's employees allegedly sold alcohol to an intoxicated patron, Mr. Pabst, who subsequently caused a two-car collision on Interstate 25 resulting in numerous fatalities. The surviving occupant and family members of those deceased filed two lawsuits for personal injury and wrongful death in New Mexico state court against ERO and Giant, among other entities.[2] Plaintiff, not a party to either of the state lawsuits, filed this action, seeking a declaration that it had no duty to defend the ERO Defendants and Giant against any claims asserted against them in state court. In its Motion, Plaintiff requested a summary judgment finding that "the CGL and Umbrella policies [did] not provide coverage for the claims asserted by the Gonzales Family against the ERO Defendants and against Giant in the underlying litigation." Motion at 27. Senior United States District Judge John E. Conway granted Plaintiff's Motion as to the dram shop claims against Giant and the ERO Defendants, but declined to find that the liquor liability exclusion in the CGL policy barred coverage for the

---

[2]*Ray F. Collins, et al v. Ever-Ready Oil Co., Inc. et al.*, No. CV-2006-00627 (San Miguel County, N.M. 4th Jud. D. Ct.) and *Maxine Gonzales, et al. v. Ever-Ready Oil. Co., Inc. et al,* No. CV-2007-00034 (San Miguel County, N.M. 4th Jud. D. Ct.).

negligent leasing claim against Giant.  *See* Order (Doc. 192) at 15-16.[3]

Plaintiff seeks reconsideration of Judge Conway's partial denial of summary judgment, asserting that it was based it on "an inaccurate characterization of the underlying claims against Giant."  Mot. for Recons. at 9.  Plaintiff also asserts that because Giant did not oppose its argument that the liquor liability exclusion barred coverage for the claims against Giant, Plaintiff "did not have the opportunity to clarify the nature of the underlying allegations against Giant [in the state court lawsuits] or to respond to the authority relied on by [Judge Conway]" in his Order partially denying summary judgment.  *Id*

## II.  Legal Standards

### A.  Review of Interlocutory Order

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration."  *Unites States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997).  However, district courts have discretion to reconsider and revise interlocutory orders prior to entry of final judgment.  *Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)*; see also Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.").  In *Frye v. Oklahoma Corp. Comm'n*, the Tenth Circuit ruled that because the district court's partial summary judgment ruling was not a final judgment, the motion for reconsideration invoked the district court's general discretionary authority to review and revise the interlocutory ruling, and the district court was not "bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)."  516 F.3d 1217, 1224 n.2 (10th Cir. 2008).

---

[3] Following Judge Conway's recusal from the case, this case was randomly assigned to the undersigned on September 19, 2012.  *See* Doc. 197.

B. **Collateral Action Seeking Declaratory Judgment on Insurance Coverage**

New Mexico law permits an insurer to bring a "collateral proceeding seeking a declaratory judgment that it had no duty to defend in the primary, state action." *Transamerica Ins. Group v. Hinkle-Keeran Group, Inc*., 1995 WL 251054, at *5 (10th Cir.) (unpublished) (citing *Lopez v. New Mexico Public Schools Ins. Auth.,* 117 N.M. 207, 870 P.2d 745 and *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 642 P.2d 604 (1982)). "Generally, a determination of whether an exclusion relieves an insurer from a duty to defend must be made in the primary lawsuit, and not in an action for declaratory judgment, because it is a factual question." *Lopez*, 870 P.2d at 748 (citing *Mullenix*, 642 P.2d at 605-06). However, a court in a collateral proceeding can make such a determination if it is "able to say, as a matter of law, that all claims set forth in the complaint arose out of acts excluded from coverage under the policy." *Transamerica*, 1995 WL 251054, at *5 (citing *Lopez*, *supra*, at 748).

In *Lopez*, the New Mexico Supreme Court addressed whether the insurer had a duty to defend against a complaint alleging that a teacher sexually molested a student. *Lopez*, 870 P.2d at 745. The court denied the insurer's request for declaratory relief, determining that the insurer had failed to meet its burden of proving, as a matter of law, that all of the claims in the complaint arose from the act of molestation that was excluded from coverage. *Id*. at 748-749. The court found that it could "not say as a matter of law that the alleged civil rights violations arose out of the sexual misconduct." *Id*. "Based on the general allegations, it is possible that the [plaintiffs] may have tried to prove that the School District ... discriminated against them in a manner unrelated to [the] molestation." *Id*. The court added that "[a]lthough it appears to this Court from the factual allegations supporting the causes of action that these claims most likely arose from the molestation," we are mindful that "the factual determination is not for this Court but for

the Court in the primary action." *Id*. The court concluded that the insurer had a duty to defend until it could establish in the primary action that all of the claims arose from the molestation. *Id*. (only where we "can say that *all* claims arose out of the molestation as a matter of law would we not remand the question to the trial court in the primary lawsuit.").

Accordingly, where a complaint is ambiguous or fails to state facts with sufficient clarity so it can be determined, as a matter of law, that no claims fall outside of the policy exclusion, the court in a collateral proceeding may not make factual determinations to resolve the ambiguity. *Transamerica*, 1995 WL 251054, at *5; *see also Mullenix*, 642 P.2d at 606 (trial court properly denied declaratory relief and found duty to defend where complaint was ambiguous and failed to allege that the damaged rig was being towed so that exclusion to the policy applied). Instead, the court in a collateral proceeding must remand the question to the primary court to determine, upon proper discovery and motion, whether all of the claims in a complaint arose out of an act excluded under the policy. *See Lopez*, 870 P.2d at 749.

### III. Analysis

As a preliminary matter, the Court acknowledges that it may treat unopposed arguments in a summary judgment motion as conceded. *Hopkins v. Women's Div. General Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C. 2003). However, the Court is also mindful of the fact that "summary judgment is warranted only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law." *David v. City & County of Denver*, 101 F. 3d 1344, 1355 (10th Cir. 1996). Plaintiff is requesting that this Court, in a collateral proceeding, enter a declaratory judgment that Plaintiff has no duty to defend against any of the claims made against Giant in the underlying actions. Thus, even though Giant did not respond to Plaintiff's argument that the liquor liability exclusion in the CGL policy bars coverage, Plaintiff

nonetheless bears the burden of proving, as a matter of law, that *all* of the claims in the complaint arose from the act of serving alcohol to a person under the influence of alcohol or causing or contributing to the intoxication of an individual.  *See Lopez,* 870 P.2d at 748-749.  Judge Conway concluded that Plaintiff did not meet this burden.  Because Judge Conway's partial summary judgment ruling was not a final judgment, the Court will review the Order denying Plaintiff's request for a declaratory judgment that it had no duty to defend without applying the strict standards encompassed in Federal Rules of Civil Procedure 59(e) and 60(b).  *See Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)*; see also Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

> **A.     Plaintiff Identified the Negligent Leasing Claim Against Giant**

Plaintiff states that the denial of its Motion was based on an "inaccurate characterization of the underlying claims against Giant."  Mot. for Recons. at 9.  Plaintiff further states that "neither the Collins Family or the Gonzales Family asserted a 'negligent leasing' claim against Giant" and that  "if the Court examines the actual allegations in the underlying complaints, it will find that the authority originally relied on is readily distinguishable and that the liquor liability exclusion bars coverage for the underlying claims against Giant."  *Id.* at 4, 9.  Plaintiff premises this conclusion of its assertion that the underlying complaints allege "only two theories by which Giant could be liable:" vicarious liability and joint venture or joint enterprise liability.  *Id*. at 10, 13-15

The Court notes that Plaintiff is the one that identified the negligent leasing claim against Giant in its Statement of Undisputed Facts.  Mot. at 8.  Specifically, Plaintiff stated that the plaintiffs in the underlying actions alleged that Giant was "negligent in leasing its liquor license to the ERO and that it is vicariously liable for the illegal sale to Pabst."  *Id*. (citing Doc. 146, Ex.

7 (the Third Amended Complaints in state court filed by the Collins and Gonzales' Families)). No party objected to this Statement of Fact, and the Order granting partial summary judgment referenced and relied on this undisputed fact. *See* Order (Doc. 192) at 15. In the Gonzales Family's third amended complaint, the plaintiffs states that Giant was "more than an absent lessor," and that "as a direct and proximate result of the negligence, omissions and/or vicarious liability of defendant Giant, the [plaintiff] has suffered damages ... " Mot. for Recons. at 7 (citing Ex. 7). The Court recognizes that these allegations are set forth in a count alleging dram shop liability against Giant, however; New Mexico courts focus on the facts and origin of damages when determining the applicability of an exclusion, rather than the legal theory asserted for recovery. *See Lopez*, 870 P.2d at 747 (internal quotations and citations omitted). Although these allegations are somewhat ambiguous, the Court does not find that they are predicated solely on a theory of vicarious or joint liability, as asserted by Plaintiff, but that a more general theory of negligence is also alleged. The Court further finds that the allegations could support a negligent leasing claim, as evidenced by the undisputed fact in Plaintiff's Motion that such a claim had been asserted. Because ambiguities must be construed in favor of the insured and in favor of coverage, the Court does not find that the underlying claims against Giant have been inaccurately characterized.[4] *See Valley Ass'n., Inc. v. U.S. Fidelity and Guar. Corp.*, 129 F.3d 1108, 1116 (10th Cir. 1999).

### B. Plaintiff Has Not Proven, as a Matter of Law, That All Claims Set Forth in the Complaint Arose Out of Acts Excluded From Coverage

---

[4]The Court is also mindful that, under notice pleading, "[t]he duty of an insurer to defend arises from the allegations on the face of the complaint or from the known but unpleaded factual basis of the claim that brings it arguably within the scope of coverage." *Mullenix*, 642 P.2d at 606.

Plaintiff maintains that all of the allegations against Giant fall within the liquor liability exclusion and that it is entitled to summary judgment. Mot. for Recons. at 10 (citing *Bernalillo Cty. Deputy Sheriffs Ass'n v. County of Bernalillo*, 845 P.2d 789, 791 (1992). Plaintiff further asserts that "neither of the underlying complaints alleges any conduct by Giant, independent of the sale of alcohol, that could give rise to liability." *Id*. at 16.

The Court is unaware of any New Mexico case law addressing the application of liquor liability exclusions. In the absence of state law addressing the issue, the Court must predict how the state's highest court would resolve the issue. *See Armijo v. Ex. Cam., Inc*., 843 F.2d 406, 407 (10th Cir. 1988). "Most other courts have made the distinction between: (a) allegations arising directly out of or dependent upon the sale of alcohol, the service of alcohol beverages, or the causing of a person's intoxication, and (b) allegations based on more general theories of negligence which could arise in contexts completely unrelated to the service of alcohol." Order (Doc. 192) at 15 (citing *Capitol Indem. Corp. v. Blazer*, 51 F. Supp. 2d 1080, 1088 (D. Nev. 1999) (internal citations omitted). The former set of allegations would be excluded from coverage and the latter would not. *Colony Ins. Co. v. Events Plus, Inc*., 585 F. Supp. 2d 1148, 1154 (stating that the vast majority of cases "have held that, where other negligence claims are so inextricably intertwined with the negligent provision of alcohol, coverage of those claims is precluded under a liquor liability exclusion).

The test articulated in *Capitol Indem. Corp.* and applied by a majority of courts was also applied in the prior Order denying summary judgment. *See also Union Ins. Co. v. Bandido Hideout, Inc*., 11-CV-351, * 19 (D.N.M. 2012) (Armijo, J.) (Court determined that New Mexico courts would apply the majority's test for determining the scope of a liquor liability exclusion because "in New Mexico, courts examine the origin of damages, or the facts giving rise to an

9

action, to decide the applicability of an exclusionary clause.") (internal quotations and citations omitted).[5]  Because New Mexico courts focus on the facts and origin of damages when determining the applicability of an exclusion, rather than the legal theory asserted for the recovery, the Court is similarly persuaded that New Mexico Courts would look to the nexus between the consumption of alcohol and the allegations in determining whether a claim is inextricably intertwined with the negligent provision of alcohol.  *Id.*

Applying the majority's test, the Court cannot say that the negligent leasing claim has a direct nexus to the sale or service of alcohol or the causing of, or contributing to, a person's intoxication.  *See* Order (Doc. 192) at 15.  Although it seems likely that at trial, the negligent leasing claim will be premised upon, or inextricably intertwined, with the negligent provision of alcohol to Mr. Pabst, it is also possible that a jury could determine that Giant was liable for the negligent leasing of its liquor license, separate and independent from a finding that it or the ERO Defendants caused or contributed to Mr. Papst's intoxication.  *See Union Ins. Co.,* 11-CV-351 at * 21; *Colony Ins. Co.*, 585 F.Supp. 2d at 1152 (claims are not excluded where "based on more general theories of liability."); *Western Heritage Ins. v. Guliani*, 38 Fed. Appx. 974, 976-978 (4th Cir. 2002) (liquor-liability exclusion did not bar coverage for a negligent entrustment claim where the bar took away the patron's moped because of his intoxicated condition and returned it to him while he was still intoxicated).

Because the complaint is ambiguous and fails to state facts with sufficient clarity so it can be determined, as a matter of law, that no claims fall outside of the liquor liability exclusion, further factual determination is required to resolve the ambiguity.  *See Transamerica*, 1995 WL

---

[5] This case is pending on appeal.  *See* Doc. 36, filed October 12, 2012 (Notice of Appeal).

251054, at *5; *Mullenix*, 642 P.2d at 606.  Such factual determination is not for this Court, the collateral court, but for the court in the primary action.  *Id*.  Accordingly, the Court must deny Plaintiff's request for declaratory relief.  Because Plaintiff has failed to meet its burden of establishing, as a matter of law, that all of the claims in the underlying complaints arose from the act of serving alcohol or causing or contributing to the intoxication of Mr. Pabst, the Court denies Plaintiff's Motion for Reconsideration.  *See Lopez,* 870 P.2d at 748-749.

**THEREFORE,**

**IT IS ORDERED** that *Plaintiff Federated Mutual Insurance Company's Motion for Reconsideration and Memorandum in Support Thereof*, filed June 21, 2012 (Doc. 193) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE